[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Thomas Bright and Jennifer Bright, brought this action seeking recovery for expenses they claim were incurred as a result of the failure of the defendant, Philip Diana, to perform properly his obligations under an oral building contract between the parties. The defendant pleaded a special defense of estoppel and counterclaimed for attorneys' fees and costs of defense.
Based on a fair preponderance of the credible evidence, the court finds the following facts established: on or about July 12, 1987, the plaintiff homeowners and the defendant, a home improvement contractor, entered into an oral agreement for the renovation and remodeling of plaintiffs' residence at 150 Rimmon Road, North Haven, Connecticut. The defendant agreed to construct a full upstairs dormer, new windows with screens and grates, four skylights, a rear deck, basement doors and garage siding. The defendant was to be paid for his labor only; all materials were to be purchased by the plaintiffs, although selected by the defendant. The plaintiffs did not purchase directly any materials, but, instead, relied on the defendant to order the materials, after which plaintiffs paid the invoices.
Although the parties, who were friends at that time, communicated frequently about the progress of the work and decisions to be made, essentially, the plaintiffs relied on the defendant to plan, as well as carry out the construction, as there were no blueprints for the job. Although the project was basically completed, plaintiffs experienced some problems with the work. It was soon discovered that all of the skylights, which had been selected by the defendant, leaked and needed to be replaced. Numerous attempts by the defendant failed to correct the leaking and, finally, he abandoned further efforts. In addition, the deck, siding and basement door needed repairs. Further, although the plaintiffs paid for downstairs windows which were to include screens and gratings, they received windows which did not have and were not equipped for screens and gratings.
Plaintiffs paid the sum of $5,600. to Guilford Builders, Inc. for removal of all existing skylights, installation of four new CT Page 3553 skylights, as well as for patching the roof, flashing and interior trim. In addition, the plaintiffs received an estimate for $2216. to purchase new windows complete with screens and gratings. They did not purchase new windows, however. The expenses relating to the deck, garage siding and basement door attributable to defendant's non-performance were not adequately established. Moreover, although plaintiff, Thomas Bright, testified as to his lost time from work attributable to the difficulties arising from the defendant's failure to perform properly, neither the reasonableness nor the necessity of the time expenditure and hourly fee were established to be causally related to the defendant's breach.
Upon entering into a contract of the type involved in this case, a contractor impliedly agrees that, in performing his work, he will exercise reasonable care — that degree of skill possessed by one of ordinary skill, competency and standing in the business of his work. Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405
(1965); See also Sasso v. Ayotte, 155 Conn. 525 (1967); Scribner v. O'Brien, Inc., 169 Conn. 389 (1975). Regardless of how the decision and choices were made, the defendant, himself, selected and undertook to install the skylights and failed to do so in a workmanlike manner. The present case does not involve a contractor operating exclusively from written instructions and blueprints presented to him, as in Southern New England Contracting Co. v. State, 165 Conn. 644 (1974). The pe persuasive testimony was that all four skylights leaked resulting in the eventual replacement. Expert testimony was not necessary to establish the nature of the defect in view of the ample evidence offered by the plaintiffs as to the obvious leaking condition. However, plaintiffs did offer opinion evidence as to the improper unworkmanlike installation and causation. Sorenson Transportation Co., Inc. v. State, 3 Conn. App. 329 (1985). The essential facts necessary to support a special defense of estoppel were not proven. It is clear that the plaintiffs relied on the defendant to select the appropriate skylights for this particular roof and were led to believe that he did so and was capable of properly installing them.
The general rule in breach of contract cases is that the award of damages is designed to place the injured party, so far as can be done by money, in the same position as that which he would have been in had the contract been performed. Vespoli v. Pagliarulo, 212 Conn. 1, 3, (1989); Beckman v. Jalich Homes, Inc.,190 Conn. 299, 309, (1983).
As to the amount of allowable damages, the evidence established that all four skylights were leaking. The reasonable necessity of replacing the skylights was satisfactorily proven and, accordingly, the court awards the cost of replacing the four CT Page 3554 skylights. As to the downstairs windows, the plaintiffs offered only evidence as to the estimated cost of four complete sets of windows, including screens and grating. No breakdown was offered as to the difference in value of the four existing windows alone as opposed to windows with screens and gratings. Accordingly, the court has little choice but to accept defendant's estimate of the difference in value as $180. and awards this amount only.
As there is not a proper basis demonstrated for allowing other items claimed by the plaintiffs, the plaintiffs are entitled to recover from the defendant the sum of $5,780. Judgment may enter accordingly in favor of the plaintiffs on the complaint. Because the defendant failed to establish the allegations of his counterclaim, judgment may enter in favor of the plaintiffs on the counterclaim.
Barry R. Schaller, Judge.