## STATE OF CONNECTICUT *v.* THOMAS BANKS (11744)

PETERS, C. J., HEALEY, PARSKEY, SHEA and DANNEHY, Js.

Argued October 4—decision released December 4, 1984

*Edward J. Peters, Jr.,* for the appellant (defendant).

*Julia D. Dewey,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Michael Dearington,* chief assistant state's attorney, for the appellee (state).

DANNEHY, J. The defendant, Thomas Banks, appeals from the judgment rendered upon the jury verdict convicting him of arson in the second degree in violation of General Statutes § 53a-112.[1]

The accusation of arson in the second degree was made in an amended information which in substance charged that on or about January 23, 1981, the defendant started a fire or caused an explosion with intent to destroy or damage a building he owned in Hamden to collect insurance against loss, and his act subjected another person to a substantial risk of bodily injury and another building to a substantial risk of destruction or damage.[2] At the conclusion of all of the evidence, the defendant moved for a judgment of acquittal which the court denied.[3]

---

[1] At the time of the alleged crime, General Statutes § 53a-112 provided: "(a) A person is guilty of arson in the second degree when he starts a fire or causes an explosion: (1) With intent to destroy or damage a building, as defined in section 53a-100, (A) of another, or (B) whether his own or another's, to collect insurance for such loss; and (2) such act subjects another person to a substantial risk of bodily injury or another building to a substantial risk of destruction or damage.

"(b) Arson in the second degree is a class B felony."

[2] Although General Statutes § 53a-112 treats the elements of substantial risk to another person and substantial risk to another building disjunctively; see footnote 1, supra; " 'the information must charge in the conjunctive since otherwise it would be uncertain which of two or more accusations was intended.' " (Citations omitted.) *State* v. *Eason,* 192 Conn. 37, 40, 470 A.2d 688 (1984).

[3] In his brief, the defendant claims that he also made a motion for acquittal at the end of the state's case. The record, however, reveals that no such additional motion was made.

The defendant has assigned and argued as errors the insufficiency of the evidence to support the verdict and a certain instruction to the jury. We turn first to the alleged insufficiency of the evidence to sustain the verdict of the jury.

In our examination of this record, we have recognized the elementary rule that if there is sufficient evidence, viewing it most favorably to the state, to support the verdict, we must affirm. It is not claimed that the evidence was insufficient to support a finding that the defendant purposely started a fire and caused an explosion with intent to destroy or damage the building he owned and used as a residence at 33 Dudley Street in Hamden in order to collect the insurance money on the property.[4] We have examined the record carefully, and have considerable doubt that the evidence supports the charge that the defendant's act subjected another person to a substantial risk of personal injury. We need not, however, resolve this issue if there was sufficient evidence to support the jury's finding that the act of the defendant subjected another building to a substantial risk of damage or destruction.[5] In our examination we will not reweigh the evidence nor judge the credibility of witnesses but will determine " ' "whether the jury could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence estab-

---

[4] It is not disputed that the residence at 33 Dudley Street was a building as defined in General Statutes § 53a-100.

[5] General Statutes § 53a-112 requires that another building be exposed to a "substantial risk" of damage or destruction, but does not define the word "substantial." The trial court instructed the jury: "Substantial obviously means something of substance or actual existence." This common sense definition of the term informed the jury that potential risk was not enough and that actual risk must be found. In any event, the defendant made no request to charge on this issue; neither did he object to this portion of the charge as given. Further discussion of this issue is therefore unnecessary.

lished guilt beyond a reasonable doubt." ' " (Citations omitted.) *State* v. *Rutan,* 194 Conn. 438, 444, 479 A.2d 1209 (1984).

Based on the evidence, the jury could have reasonably found the following facts. The defendant paid $14,000 for the building at 33 Dudley Street in June, 1978. He experienced financial problems with the building almost immediately, taking out two mortgages on the building and financing some improvements through a loan. Gas service at the building was terminated in June, 1980, for nonpayment. On the evening of January 23, 1981, an explosion and fire started by an accelerant destroyed the building.

Nearby persons who interviewed the defendant on the evening of the fire smelled gasoline in his presence. Chemical analysis revealed the presence of gasoline on the defendant's shoes. The defendant filed a proof of loss with his insurance company.

At the trial, a number of photographs of the building were admitted into evidence. Four photographs showed not only the gutted exterior of the building but also the area around the building, including a second house located at 35 Dudley Street, immediately adjacent to the burned building. The two houses are shown in the photographs to have been closely spaced, separated only by their driveways. No direct evidence was presented that the second house was either damaged or subjected to a substantial risk of damage or destruction. The jury thus had to infer such risk in order to find the defendant guilty as charged.

The defendant did not object to the submission of the four photographs and they were admitted as full exhibits for all purposes. See *State* v. *Segar,* 96 Conn. 428, 437, 114 A. 389 (1921). The jury had the photographs during deliberations after having been instructed by the trial court: "You will have all the exhibits that were

admitted as full exhibits and . . . you are to consider [them]." Further, the jury heard testimony that the building had been "engulfed in flames," that flames had shot out from several of the building's windows, and that a "spherical ball of flame" had "formed over" the building. There was also testimony describing the violence of the explosion and the high intensity of the fire. That the fire at 33 Dudley Street was extinguished before it had actually spread to the second house does not mean that a substantial risk did not in fact exist as to the second house. See *State* v. *Young*, 87 Wash. 2d 129, 133, 550 P.2d 1 (1976). The jury thus had before it evidence from which it properly could have inferred that the fire had created a substantial risk of damage or destruction to the second house. In sum, the evidence was sufficient to permit the jury to find the essential elements of the crime charged and to persuade the jury of the existence of each of those elements beyond a reasonable doubt. *Jackson* v. *Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 61 L. Ed. 2d 560, reh. denied, 444 U.S. 890, 100 S. Ct. 195, 62 L. Ed. 2d 126 (1979); *State* v. *Haddad*, 189 Conn. 383, 387, 456 A.2d 316 (1983).

The remaining claim of error relates to a portion of the trial court's charge. The jury was instructed that if it should find that the defendant had made false statements about himself or his whereabouts at the time of the offense, or had made any declarations subsequent to the alleged criminal act which were influenced by that act, it would have the right to take such misstatements as proof of the defendant's consciousness of his own guilt. The defendant excepted to this instruction. A consciousness of guilt instruction may be given when a party has made material misstatements because such fabrication or falsification implies that that party believes his or her case to be weak or unfounded. See 2 Wigmore, Evidence (3d Ed. 1940) § 278 (2). As this court has explained, "[a] misstatement of a suspect to

police officers is admissible against him in a later prosecution because it permits the jury to draw the reasonable inference that the misstatement was made in an attempt to avoid detection for the crime." *State* v. *DeMatteo,* 186 Conn. 696, 702, 443 A.2d 915 (1982). See *State* v. *Cronin,* 64 Conn. 293, 304–305, 29 A. 536 (1894).

Here, there was evidence that the defendant had made inconsistent statements on two subjects: the defendant's actions just prior to his alleged discovery of and escape from the fire; and the location of the keys to the defendant's car, which was found to contain an odd assortment of personal possessions arguably consistent with the theory that the defendant had set the fire. It was therefore well within the trial court's discretion to have instructed the jury on consciousness of guilt.

Nor did this instruction deprive the defendant of due process of law by shifting to him the burden of proof. "An alleged defect in a jury charge which raises a constitutional question is reversible error if it is reasonably possible that, considering the charge as a whole, the jury was misled." *State* v. *Smith,* 194 Conn. 213, 219, 479 A.2d 814 (1984). The trial court correctly and fully instructed the jury that the defendant was presumed innocent until proven guilty, that the state had the burden of proof on every element of the alleged crime, and that such proof had to be beyond a reasonable doubt. Further, the trial court carefully explained to the jury each element of the charged offense. Taken as a whole, it is not reasonably possible that the trial court's instructions on consciousness of guilt misled the jury into shifting the burden of proof to the defendant.

There is no error.

In this opinion the other judges concurred.