STATE OF CONNECTICUT *v.* GARY ALEKSIEWICZ
(7291)

DUPONT, C. J., BORDEN and LAVERY, Js.

Argued October 19, 1989—decision released February 6, 1990

*Kenneth W. Williams,* special public defender, with whom, on the brief, was *Duncan Ross MacKay,* special public defender, for the appellant (defendant).

*Mitchell S. Brody,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Warren Maxwell,* assistant state's attorney, for the appellee (state).

DUPONT, C. J. The defendant appeals from a judgment of conviction rendered after a jury found him guilty of robbery in the first degree, in violation of General Statutes § 53a-134 (a) (4). The defendant claims that the evidence was insufficient to support a conviction because, during the commission of the crime, he had not threatened the use of what he represented, by his words or conduct, to be a firearm.[1] We agree.

On the basis of the evidence produced, the jury could reasonably have found certain relevant facts. On July 16, 1986, at approximately 9 p.m., Thomas Norton and his brother Donald Norton drove to the Connecticut National Bank on Main Street in New Britain. Thomas withdrew $400 from the bank's automatic teller machine. The defendant approached the window on the driver's side of the car and said, "Give me that money or you're dead." The defendant then grabbed some of the cash from Thomas' hands, and Thomas, frightened, handed the remaining cash in his lap to the defendant. The defendant then ran toward the front of the bank building. Donald initially pursued him on

---

[1] We review this issue, although it was not raised at trial, on the basis of *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). When the record substantiates the fact that the state has not proved every element of the crime with which a defendant has been charged, *Evans* review is warranted. See *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1990); *State* v. *Delafose,* 185 Conn. 517, 520–21, 441 A.2d 158 (1981); see *State* v. *Thurman,* 10 Conn. App. 302, 306–307, 523 A.2d 891, cert. denied, 204 Conn. 805, 528 A.2d 1152 (1987).

foot, but when the defendant jumped into a car and fled, the brothers pursued him in their car for twenty to thirty minutes, until they lost him in traffic.

In reporting the details of the robbery at the police station shortly thereafter, Thomas stated that the defendant was holding his hand inside a "t-shirt" when he demanded the money. At trial, Thomas testified that the defendant had held his hand flat against his abdomen in a "coat like or jacket." The defendant was ultimately arrested and charged with robbery in the first degree, in violation of General Statutes § 53a-134 (a).

An essential element of robbery in the first degree is that, in the course of the commission of the robbery, the perpetrator "displays or threatens the use of what he represents by his words or conduct to be . . . a firearm." The defendant claims that the evidence presented at trial was insufficient for the court to submit the question to the jury or to permit a jury reasonably to have found against the defendant on this element, and that his conviction was, therefore, in error. In support of his claim, he cites the fact that the trial court refused to allow testimony as to whether the victims believed a gun was in the assailant's possession because it found the evidence insufficient even to render such a belief reasonable.

It is axiomatic that in a criminal trial, the state must prove each element of the crime, as well as every essential fact necessary to establish that crime, beyond a reasonable doubt. *State* v. *Mullings,* 202 Conn. 1, 11, 519 A.2d 58 (1987); *State* v. *Rodriquez,* 200 Conn. 685, 688, 513 A.2d 71 (1986). In reviewing the sufficiency of the evidence, an appellate court, first, must examine the evidence presented at trial in the light most favorable to sustaining the verdict; *State* v. *Braxton,* 196 Conn. 685, 691, 495 A.2d 273 (1985); and, second, must determine whether, when considered in that light, the evi-

dence could have led a jury to conclude beyond a reasonable doubt that the defendant was guilty. Id.; *State* v. *Scielzo,* 190 Conn. 191, 197, 460 A.2d 951 (1983).

A jury is permitted to draw reasonable inferences from the evidence before it, and it is free to draw inferences consistent with guilt as well as those consistent with innocence. *State* v. *Dumlao,* 3 Conn. App. 607, 616, 491 A.2d 404 (1985). In drawing inferences, however, the jury may not resort to "speculation and conjecture." *State* v. *Saracino,* 178 Conn. 416, 419, 423 A.2d 102 (1979); *State* v. *Rodriquez,* supra, 687; *State* v. *Little,* 194 Conn. 665, 671, 485 A.2d 913 (1984); see also *State* v. *Stevenson,* 198 Conn. 560, 569, 504 A.2d 1029 (1986). "While proof of guilt must exclude every *reasonable* supposition of innocence, it need not exclude every *possible* supposition of innocence." (Emphasis added.) *State* v. *Little,* supra, 672.

The only evidence in the present case that the defendant threatened the use of what he represented by word or conduct to be a firearm was the testimony of one of the victims that the assailant held one hand flat against his body, inside his shirt, vest or jacket, and that he said, "Give me that money or you're dead." This testimony does not definitely establish the firearm element of this crime because no gun was shown and no specific indication was given, by either the defendant's words or actions, that he had in his possession or would use *specifically* a *gun* to accomplish his threat. The question is whether the jury could have found, logically and beyond a reasonable doubt, from the facts presented and inferences drawn from those facts, that the defendant represented by his conduct and words that he had or would use a gun.

The defendant argues that, based upon the evidence presented at trial, the jury's verdict could have been reached only through speculation and conjecture and

that the jury could not have drawn a reasonable and logical inference from the evidence that the defendant represented that he had a firearm. He argues that the state failed to prove that the defendant, during the commission of the crime, threatened the use of what he represented to be a firearm to the exclusion of any other type of weapon or no weapon at all. See *State* v. *Rodriquez,* supra, 688; *State* v. *Gaines,* 196 Conn. 395, 399, 493 A.2d 209 (1985). If these assertions are true, the defendant could not have been found guilty of first degree robbery.

In support of its argument that the evidence on this point *was* sufficient, the state cites several cases in which a jury was found to have properly inferred that the defendant had represented, by a hand held under his clothing, that he had a firearm. In each of those cases, however, there was additional evidence beyond that offered in the present case to indicate that the use of a firearm, rather than another type of weapon, was threatened.

In *James* v. *State,* 405 So. 2d 71, 72 (Ala. Crim. App. 1981), the victim firmly and repeatedly stated that she knew the assailant had a gun. Furthermore, the Alabama statute involved required only using an item so as to lead a reasonable person to *believe* that a perpetrator had a gun, in contrast to the Connecticut statute's objective requirement that the perpetrator *represented* that he had or would use a gun. In the present case, there was no testimony that the victim knew or believed that the defendant had or would use a firearm.

In *People* v. *Kimble,* 311 N.W.2d 446, 449 (1981), the court cited *Guilty Plea Cases,* 395 Mich. 96, 130, 235 N.W.2d 132 (1975), in which a defendant *admitted* that he had "made like I had a gun in a paper bag." The defendant in the case before us has given no such testimony.

In *People* v. *Knowles,* 79 App. Div. 2d 116, 117, 436 N.Y.S.2d 25 (1981), the defendant admitted holding his hand in his pocket in a manner "which was meant to," and presumably did, "convey to [the victim] the impression that [the assailant] had a gun," thus satisfying the statute in question, which applies to a person who, in the course of a robbery, "[d]isplays what appears to be" a firearm. New York Penal Code § 160.10, subd. 2 (b) (McKinney 1988). Once again, no such testimony was given in the case before us.

In *People* v. *Lopez,* 135 App. Div. 2d 443, 444, 522 N.Y.S.2d 145 (1987), there was testimony that the defendant had placed his hand inside his vest "as if he had a gun." Again, no such testimony was offered in the present case.

In fact, at trial, the court in this case refused to allow any testimony regarding whether Thomas Norton believed the assailant had a firearm. The court stated: "I don't think this witness [Thomas Norton] can give an opinion as to what the particular kind of weapon was that he felt threatened by. I don't think there's sufficient foundation here to allow him reasonably to form an opinion that what the person had inside his shirt or vest was a gun, as opposed to some other kind of weapon. And I think that that's just a question that the jury [could decide] . . . if the jury wishes to make that inference, that's another question. But . . . the question . . . is . . . whether or not this witness can say, based upon what . . . he has told us here today, that the defendant was armed with a firearm . . . [W]hat's reasonable about the inference that . . . the man has a handgun under his shirt . . . . [H]e can testify that he was in fear because he thought that the . . . defendant was armed . . . . But to say that he's armed with a gun is an entirely different matter, because that requires such specification, for which there's *absolutely no foundation.* . . . [I]f the only

scintilla of evidence is an opinion of a witness for which there is no foundation . . . . I don't know how . . . I'm going to charge on an element of a crime if there is scant evidence of it. . . ." (Emphasis added.)

The court seriously questioned whether *any* evidence had been introduced to support the conclusion that the assailant had threatened the use, specifically, of a gun. "[I]f an element making up the crime, as laid down by a statute, is wholly unsupported by the evidence, it is error to submit it to the jury as if the evidence justified the determination of the presence of that element." *State* v. *Rogers,* 177 Conn. 379, 382, 418 A.2d 50 (1979).

The court's assessment of the evidence was that even the victim could not have concluded reasonably that the assailant had a gun in his possession. It is difficult to see how the jury, on the same evidence, could have concluded *beyond a reasonable doubt* that the assailant either displayed or threatened the use of a gun. We conclude, on the basis of our review of the evidence, in the light most favorable to upholding the conviction, that insufficient evidence was presented on a necessary element of the crime of robbery in the first degree. It was, therefore, error for the court to submit that issue to the jury, and we set aside the conviction of robbery in the first degree.

Although the defendant was charged with robbery in the first degree, a jury instruction on the lesser included offense of robbery in the third degree, General Statutes § 53a-136, was also requested and given. Representation of the use of a firearm is not an element of robbery in the third degree, but all other elements of the two crimes are the same. To find the defendant guilty of robbery in the first degree, the jury must, therefore, have found him guilty beyond a reasonable doubt on all elements of robbery in the third degree, as well as on the firearm element. Although

we reverse the conviction of robbery in the first degree because the evidence was insufficient on the element of "representation of the use of a firearm," we conclude that the jury would necessarily have found the defendant guilty of the lesser charge, had they considered it. *State* v. *McGann,* 199 Conn. 163, 178–79, 506 A.2d 109 (1986); *State* v. *Horne,* 19 Conn. App. 111, 142–46, 562 A.2d 43 (1989).

We must now consider the defendant's remaining claims of error to determine their effect on the correctness of directing a conviction on remand for the lesser included offense. Two of these claims are moot. Our finding of insufficient evidence on the representation of the use of a firearm renders moot the defendant's objections to the instructions given with respect to that issue as well as his objection to the court's failure to instruct the jury on the statutory affirmative defense that the firearm was inoperable.

The defendant also objects on several grounds to the court's consciousness of guilt instruction regarding statements by the defendant, after his arrest and prior to trial, to one of the victims.[2] Because the defendant failed to object to this instruction at trial, he raises his objections here under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). Where an objection is not raised at trial, we will review it under *Evans* only where the claim is of constitutional magnitude, alleging the violation of a fundamental right, and where, in addition, the record is adequate for review. *State* v. *Golding,* 213

---

[2] According to the victim's testimony, he received two telephone calls from the defendant. In one of the calls, the victim testified, the defendant said that all the victim wanted was to get his money back. The victim testified that he said he agreed with that statement and that he then asked the defendant if he wanted to make restitution. According to the victim, the defendant replied, "All's you have to do is tell the police that you made a wrong ID, that I'm not the guy that robbed you."

Conn. 233, 238–40, 567 A.2d 823 (1989). We must consider separately each claim raised by the defendant regarding the contested instruction to determine whether it is, indeed, reviewable under *Evans* as refined by *Golding,* and, if so, whether the claim is meritorious.

The defendant claims, relying on *State* v. *Banks,* 194 Conn. 617, 621, 484 A.2d 444 (1984), that no consciousness of guilt instruction should have been given at all because there was no material misstatement by the defendant in the conversation at issue, and that the instruction deprived the defendant of due process of law because it shifted the burden of proof to him. We conclude that this claim is reviewable because it is of constitutional magnitude, concerning a violation of a fundamental right, and the record is adequate. The defendant's reliance on *Banks* is misplaced, however, because *Banks* does not *limit* the giving of a consciousness of guilt instruction to a situation where the defendant has made a material misstatement but, rather, it holds that a material misstatement is *one* type of statement that will render such an instruction permissible.

In seeking to introduce evidence of a defendant's consciousness of guilt, "[i]t is relevant to show the conduct of an accused, as well as *any* statement made by him subsequent to an alleged criminal act, which may be inferred to have been influenced by the criminal act." (Emphasis added.) *State* v. *Burak,* 201 Conn. 517, 533, 518 A.2d 639 (1986), citing *State* v. *Reid,* 193 Conn. 646, 655, 480 A.2d 463 (1984). Once the evidence is admitted, if it is sufficient for a jury to infer from it that the defendant had a consciousness of guilt, it is proper for the court to instruct the jury as to how it can use that evidence. It is then for the jury to consider any ambiguity in the evidence. *State* v. *Knighton,* 7 Conn. App. 223, 508 A.2d 772 (1986).

In the present case, the defendant's statements were relevant because they were made subsequent to an alleged criminal act and they may be inferred to have been influenced by that alleged act. Those statements were, therefore, properly admitted. The defendant's statements here also unquestionably were sufficient to allow the jury to infer that the statements were influenced by the alleged criminal act. Thus, the trial court was correct both in admitting them and, subsequently, in giving a consciousness of guilt instruction to the jury regarding them. It was then for the jury to consider possible alternative explanations for the statements.

The defendant's next two objections relate to the wording of the instruction, which was phrased: "Based on that testimony of Thomas Norton, if you believe that the defendant's statements were attempts to conceal the truth of his identity, or were attempts to bribe Thomas Norton, or to intimidate him, then those statements could be considered by you to be evidence of the defendant's guilt. If you believe, on the other hand, that the defendant was simply trying to persuade Norton to correct a mistake, then the defendant's statements would not necessarily constitute evidence of his guilt."

The defendant claims that the wording of that instruction favored the state and reflected adversely on the defendant. The defense, however, introduced no evidence as to what the defendant actually meant by his statements. The only evidence presented on that question at trial was the testimony of the victim. Because no evidence was presented by the defense as to a possible innocent explanation for the defendant's statements, the record presented is inadequate for review of the claim that the court's instruction failed to give equal attention to a possible innocent explanation. We, therefore, decline to review that claim. *State* v. *Golding,* supra.

The defendant's final claim as to the consciousness of guilt instruction is that the wording of the instruction unconstitutionally shifted the state's burden of proof, because the court, by its use of the word "necessarily," implied that even if the jury believed the defendant's statements constituted an attempt to correct a mistake, it could nevertheless consider those statements as evidence of his guilt. The instruction must be read in conjunction with the other instructions given. *State* v. *Anderson,* 212 Conn. 31, 560 A.2d 980 (1989). In its charge, the court properly instructed the jury as to the presumption of innocence, the state's burden of proof on each element of the crime charged, and the reasonable doubt standard. In the context of the jury instructions as a whole, it is unlikely that the jury was misled by the use of the word "necessarily." We find no error.

The defendant also argues that the trial court erred in failing to suppress the out-of-court identification of him by the victims. The defendant did not raise this issue at trial, but he raises it on appeal under *State* v. *Evans,* supra. We conclude that *State* v. *Golding,* supra, requires that the application of *Evans* in this case precludes a review of the claimed error. We so conclude because the facts in this record do not show a sufficient, clear and unambiguous violation of the defendant's due process rights. See id., 240.

The defendant claims that the presentation to the witnesses of an array of photographs, including one of the defendant, was impermissibly suggestive because of some dissimilarities among the individuals in the photographs and because of the possibility that the witnesses may have seen the brief physical descriptions on the back of the photographs. An " 'array composed of different individuals must necessarily contain certain differences.' " *State* v. *Boscarino,* 204 Conn. 714, 726, 529 A.2d 1260 (1987). Although the individuals

depicted in this array varied somewhat in height and build, they were not depicted as full figures, so that a witness could not have determined relative height and body build merely from viewing the photos. In addition, no evidence was presented that the witnesses viewed the information on the back of the photos. Indeed, the defendant concedes that it is not clear from the testimony whether the witnesses were even aware of the presence of the information. Furthermore, there is no evidence that the police in any way emphasized the photograph of the defendant over those of the other subjects in the array. See *State* v. *Anderson,* 20 Conn. App. 271, 274, 566 A.2d 436 (1989); *State* v. *Arroyo,* 13 Conn. App. 687, 690, 539 A.2d 581, cert. denied, 208 Conn. 805, 545 A.2d 1103 (1988).

The determination of whether there has been a constitutional violation of a defendant's due process rights when photographs identified out-of-court by a victim are the subject of a motion to suppress is fact-bound. *State* v. *Mitchell,* 204 Conn. 187, 203, 527 A.2d 1168, cert. denied, 484 U.S. 927, 108 S. Ct. 293, 98 L. Ed. 2d 252 (1987). The admissibility of that evidence depends on preliminary questions of fact to be made by the trial court, and unless that court's assessment of the reliability or suggestiveness of the identification is clearly erroneous, that decision should not be disturbed. Id.

In this case, the facts in the record are not clear and unambiguous, and we cannot supply or reconstruct the facts to give the defendant a factual record that he has not supplied. *State* v. *Golding,* supra. We may not, therefore, review the claimed error under the *Evans* principle, as further defined by *Golding.*

Finally, the defendant argues that the trial court erred in admitting into evidence prejudicial hearsay statements of alleged witnesses to a hit-and-run acci-

dent that occurred after the crime, which involved a green Ford Maverick with a license plate number similar to that memorized by the Nortons at the scene of the robbery. We find no error in the admission of this testimony because cross-examination had opened an inquiry into the source of an automobile license plate number involved, thereby entitling the state to redirect examination on that topic.

None of the defendant's claims of error that relate to a judgment of conviction on the lesser included offense of robbery in the third degree requires a judgment of acquittal. The trial court should have set aside the conviction of robbery in the first degree, and should have substituted a verdict of guilty on the lesser included offense of robbery in the third degree. We, therefore, must remand the case for the trial court to modify the judgment to reflect a conviction of robbery in the third degree and to resentence the defendant accordingly. *State* v. *McGann,* supra; *State* v. *Horne,* supra.

There is error in part, the judgment of conviction of robbery in the first degree is set aside and the case is remanded to the trial court with direction to render a judgment of conviction of robbery in the third degree and to resentence the defendant accordingly.

In this opinion the other judges concurred.