[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The defendants have moved to strike counts 2, 4, 5, 6, 7 and 8 of the plaintiff's complaint. The movants assert that the exclusive remedy for harm arising from the misappropriation of trade secrets is resort to the provisions of the Uniform Trade Secrets Act (UTSA), 35-50 C.G.S. et seq., and that the plaintiff may not also maintain causes of action alleging a violation of implied contractual obligations, tortious interference with contractual relations, unjust enrichment and violation of the Connecticut Uniform Trade Practices Act (CUTPA).
The Uniform Trade Secrets Act provides at 35-57(a) C.G.S that:
 [U]nless otherwise agreed by the parties, the provisions of this chapter supersede any conflicting tort, restitutionary, or other law of this state pertaining to civil liability for misappropriation of a trade secret. [emphasis added].
By its express terms, the Act supersedes only that Connecticut law which conflicts with the provisions of the Act concerning civil liability.
It is a general principle of statutory construction that no word in a statute is to be regarded as surplusage, and that all language used in a statutory enactment is to be accorded meaning. Ganim v. Roberts, 204 Conn. 760, 763 (1987); State v. Parmalee,197 Conn. 158, 162 (1986).
Because the word "conflicting" as it appears in 35-571a CT Page 2221 C.G.S. is unambiguous and must be accorded its ordinary meaning, there is no necessity to resort to legislative history. The court notes that where the legislature has decided to make a statute the exclusive source of liability or of remedies, it has done so unambiguously, as in the case of liability for defective products. See 52-472n C.G.S.
The defendants have identified no way in which the plaintiff's contractual or tort claims involve any conflict with the provisions of the Uniform Trade Secrets Act.
With regard to the CUTPA claim, the defendants assert that a conflict exists because CUTPA provides more extensive remedies than UTSA. It is not strictly necessary to determine at this juncture whether the provisions of such remedies constitute a "conflicting . . . law . . . pertaining to civil liability for misappropriation of a trade secret." The Second Count of the complaint invokes CUTPA as a source of a remedy for the allegedly misleading text of the defendant's solicitation letters and is not restricted to an invocation of CUTPA as the source of a remedy for misappropriation of a trade secret. CUTPA remedies would be available to the plaintiff in connection with the claim that the defendants competed by using solicitations which implied that they were the successors to the plaintiff's legal services plan, and this is not a case in which CUTPA remedies are being invoked only as to the same facts to which the plaintiff's UTSA claim applies.
The defendants make no claim that the plaintiff's claims under CUTPA would impose liability on them for conduct not prohibited by UTSA, and the court does not find that the furnishing of more complete remedies renders CUTPA a "conflicting law" within the meaning of 35-47 (a) C.G.S.
As Judge Thompson has ruled in Vantage Computer Systems v. The Leverage Group, Inc., 15 CLT No. 29 at 24, where, as here, CUPTA simply provides a remedy parallel to UTSA, causes of action under both statutes may be maintained.
The motion to strike is denied in its entirety.
Beverly J. Hodgson, Judge