[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
Introduction
The present case involves a claim for non payment of rent for a parking lot leased by the defendant at 344 Silas Dean Highway, Rocky Hill, Connecticut which is adjacent to the defendant's office buildings at 350 Silas Deane Highway. The lease commenced February 28, 1990 for five years with a monthly rental of at least $600.00 per month for the first six months to be paid on the first day of the month. The complaint alleges non payment for the months of April and May 1990.
Prior to trial, the defendant challenged the service of the Notice to Quit for non compliance with Section 47a-23 (c). The issues were argued to Susco, J., who denied a Motion to Dismiss on August 13, 1990.
 II.
Discussion
 A.
Defendant seeks to have this court re-examine the issues of service previously addressed by Judge Susco. This court notes that it has the authority to depart from the earlier ruling on the Motion to Dismiss. Breen v. Phelps, 186 Conn. 86, CT Page 4358 99 (1982). However, "[w]here a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Id. This court has reviewed the August 7, 1990 transcript of that argument and is of the opinion that there is no new evidence or circumstance which should result in a change to Judge Susco's ruling. The subject properly concerns an unimproved parcel and in a hypothetical discussion, at trial, concerning service of a Notice to Quit, defendant's counsel suggested that leaving the notice on the ground would comply with the requirements of Section 47a-23(c). The court disagrees with defendants counsel's statement that leaving the notice to quit to be carried off in the wind fulfills the expectations of the legislature and due process of law. It is a basic rule of statutory construction that an interpretation leading to bizarre results should be avoided. State v. Parmalee, 197 Conn. 158, 165 (1985). The subject premises were, as suggested by the defendant's counsel an integral part of the office premises. In the present case and in similar situations where the leased premises are unimproved, abut the lessee's principal commercial enterprise (i.e. in this case the municipally required parking facility), the court finds that service at the lessee's neighboring building complies with the requirements of Section 47a-23(c).
Defendant has, of course, further argued that service on Ms. Burnham, the secretary to its managing partner, was insufficient as she was not employed by the defendant. The court notes that this issue was likewise raised before Judge Susco in the prior Motion to Dismiss. At the trial of this case, Ms. Burnham acknowledged that the managing partner of the defendant had many businesses, that she was not only his secretary but his only full time employee and that she performed work for the defendant herein.
There is also testimony that Ms. Burnham acted on behalf of the defendant in her discussions and actions with plaintiffs or their attorneys for the payment of the rent. (Exhibits 1, C, D).
The statute requires service at a commercial establishment but it does not require personal service. Thus, in light of the vacant property situation, as previously discussed, leaving the notice with Ms. Burnham, who is both the only full time employee of the many businesses apparently operating under the control of defendant's managing partner and is also a person who performs secretarial and other services for the defendant, at a place where the defendant apparently CT Page 4359 conducts business was acceptable.
 B.
The plaintiffs' main claim is that the defendant has failed to pay rent for April and May 1990. The named plaintiff testified that Ms. Burnham told him that the defendant did not have the plaintiffs' addresses. Later Mr. Lagasse, one of two general partners of the defendant, repeated this excuse. The testimony indicated that the two plaintiffs were limited partners in at least one or maybe more ventures with the defendant or its general partners. The court thus finds this reason to be totally unpersuasive.
Additionally, the defendant claims it tendered rent that was accepted by the plaintiffs after the issuance of the notice to quit. If proven, that would clearly defeat the plaintiffs' case. General Statutes, Sec. 47a-19; Hintlian v. Beachard, SPH 8203 3512, (April 8, 1982) Maloney, H-324.
The notice to quit was served on May 21, 1990. Mr. Forons, one of the two plaintiffs, testified that he spoke to the defendant's secretary, Ms. Burnham, between May 7 and May 14, 1990. While Ms. Burnham did mail a rent check, she was unable to say when she wrote or mailed the check. The notation on the invoice (Exhibit 1) indicates a check for April was perhaps, paid on May 21, 1990. Moreover, the notation references Check 1029 but that check (Exhibit B) indicates that it was dated only "May, 1990," excluding any specific day. That check was returned on June 6, 1990 (Exhibit C). As Mr. Shapiro, managing partner of the defendant never testified, and as there was additional testimony that other checks were received and after consultation with plaintiff's attorney were returned, (Exhibit E), the defendant has not met its burden.
 III.
Conclusion
Judgment may enter for plaintiffs for possession for non payment of rent.
BERGER, JUDGE