[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION
By a memorandum of decision filed on February 22, 1991, this court decided the above administrative appeal as one of three interrelated appeals concerning the plaintiff's property in North Haven.
On March 14, 1991, the Upjohn Company ("Upjohn") moved to open that judgment, seeking correction of a mischaracterization of applications it filed in 1982 as applications for special permits rather than applications for site plan approval and fill permits. On March 18, 1991, while its motion to open the judgment was pending and before the motion had been called to the attention of this court, Upjohn filed a petition for certification for review. Upon this court's scheduling oral argument as to the motion to open the judgment, Upjohn's counsel informed the court by letter of its withdrawal of the motion to open the judgment.
Having reviewed the submissions of the parties and CT Page 4700 having determined that the judgment should be opened and corrected, the court advised counsel of its intention to do so sua sponte and gave all counsel an opportunity to present oral argument as to the issues raised by the withdrawn motion to open the judgment.
Upjohn has conceded by counsel that this court retains jurisdiction pursuant to section 4032 P.B., and the time specified in section 326 P.B. has not passed.
The plaintiff has correctly pointed out that this court mischaracterized the applications it filed in 1982 as applications for special permits, and this mischaracterization resulted in a faulty legal analysis as to the validity of the conditions imposed at the time the North Haven Planning and Zoning Commission granted the applications and the reviewability of those conditions in an administrative appeal filed three years after the conditions were imposed.
In fact, in 1983 the four applications before the North Haven Planning and Zoning Commission were applications for site plan approval and for fill permits to allow the capping of an old aeration lagoon and construction of an enclosure over a portion of Upjohn's waste treatment system.
The Commission granted the applications subject to many conditions, including the condition that Upjohn remove a sludge pile from the site — "Condition 7". In 1986, the Board of Zoning Appeals upheld the issuance of a cease and desist order by the zoning enforcement officer based on a finding of a violation of Condition 7. (Rec. Doc. 33). Upjohn claimed that the condition was void ab initio because the imposition of such a condition was beyond the powers of the Commission and that the condition could not be enforced by a cease and desist order.
In its response to the motion to open the judgment, the Board concedes that the applications granted in 1983 were not applications for special permits but contends 1) that the imposition of conditions by the Commission was nevertheless valid; 2) that Upjohn waived any objection to Condition 7; and 3) that independent grounds existed for the cease and desist order in that the maintenance of the sludge pile constituted a zoning violation regardless of the validity of Condition 7, which required its removal.
It remains the case, as this court observed in its memorandum of February 22, 1991, that Upjohn has cited no authority directly on point as to the issue whether a CT Page 4701 condition placed on approval of a site plan (as distinguished from a condition placed on a subdivision approval or other kind of application) can be raised long after its imposition without being subject to the requirement of a timely appeal pursuant to section 8-8 C.G.S.
Beckish v. Planning Zoning Commission, 162 Conn. 11
(1971), which Upjohn cites, concerns the validity of a condition imposed by a commission in granting a special permit (not a site plan application). The opinion of the Connecticut Supreme Court does not indicate in any way that the appeal from the imposition of the condition at issue in Beckish had been filed beyond the time specified in section8-8 (b) C.G.S. nor that the timeliness of the filing of the appeal was raised as an issue by the Commission.
The other case cited by Upjohn, Moscowitz v. Planning 
Zoning Commission, 16 Conn. App. 303 (1988), concerns the authority of a commission to modify or to impose conditions on its approval of a subdivision application (not an j application for site plan approval). It is well established that where a commission reviewing a subdivision application imposes modifications or conditions in excess of the power granted to it pursuant to sections 8-25 and 8-26 C.G.S., the condition is void ab initio and cannot be enforced. See Carpenter v. Planning Zoning Commission, 176 Conn. 581, 598
(1979); Smith v. F. W. Woolworth Co., 142 Conn. 88, 93 (1955).
In the absence of direct authority as to the imposition of conditions on a site plan approval, the issue is whether such imposition was within the authority of the Commission, and whether the analysis applicable to subdivision review applies in this context as well.
The statute from which authority to review site plans is derived is Section 8-3(g) C.G.S. That statute provides that local zoning regulations may require the filing of a site plan with the Commission "to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations." That statute further provides that a site plan "may be modified or denied only if it fails to comply with requirements already set forth in the zoning or inland wetlands regulations." As the Court noted in Moscowitz, supra, at 311, it is the nature of the commission's action that will determine its legality, "not whether it is phrased in terms of a `modification' or `conditional approval.'"
Nothing in the record would support a finding that Upjohn's four applications for proposed site improvements CT Page 4702 failed to comply with requirements set forth in the zoning regulations. The Board claims that since the preexisting lagoon and the other proposed improvements were part of a process that produced sludge, the issue of eventual storage of the sludge on site was part of the review of the applications. Since the site plan improvements could in fact be completed and used without depositing the sludge on the existing pile, there was not, in fact, any necessary relation between the improvements and the essentially separate issue of the existing sludge pile. The condition imposed related to a separate and distinct use of the property, not to the actual site plan improvements that were the subject of the applications. Accordingly, the imposition of Condition 7 was beyond the authority conferred on the Commission pursuant to section 8-3(g) C.G.S. and was, like the condition in Moscowitz, void ab initio.
The Board argues that even if the condition was not germane to the site plan application, its imposition was within the subject matter jurisdiction of the Commission and therefore Upjohn was required to appeal within the time limit of section 8-8 C.G.S.
In Moscowitz, at 315, the Appellate Court analyzed need to take an immediate appeal on the basis of whether the eventual challenge was to the agency's jurisdiction or only to its exercise of that jurisdiction. The condition at issue in Moscowitz restricted future subdivisions of the property as to which the application for subdivisions approval had been filed. The Court noted, at 331, n. 8, that a planning commission had no authority to limit future uses of a parcel of land but would be required to assess future applications to subdivide on the basis of compliance with the zoning regulations at the time they were filed. By contrast, in Spectrum of Connecticut, Inc. v. Planning and Zoning Commission, 13 Conn. App. 159 (1988), where a landowner appealed the imposition of a condition on the application of an applicant for renewal of a special permit to use property as a video arcade, the Appellate Court noted that the zoning authority was authorized to impose conditions pursuant to section 8-2 C.G.S. and that any appeal as to the specific condition imposed had to be filed within the limits of section 8-8 C.G.S. and could not be attacked later, when renewal of the special permit was rejected for failure to comply with the condition imposed. In the instant case, the Board's argument in essence is that since the Commission had subject matter jurisdiction to enforce zoning regulations (pursuant to section 8-3(e) C.G.S.) it could do so by imposing conditions at the time it reviewed a site plan, even if the improvements at issue in the site plan in fact met the CT Page 4703 standards of applicable zoning regulations.
The authority of a Commission to impose conditions is, however, governed by section 8-3(g), not section 8-3(e) C.G.S. Statutes must be considered as a whole, and separate parts must be reconciled so that a reasonable overall interpretation is achieved; University of Connecticut Chapter, AAUP v. Governor, 200 Conn. 386, 399 (1986); Peck v. Jacquemin, 196 Conn. 53, 63 (1985); and each part is to be given operative effect. State v. Parmelee, 197 Conn. 158,162 (1985); Winchester v. Connecticut Board of Labor Relations, 175 Conn. 349, 355-56 (1978). These principles would not be served by construing section 8-3(e) as giving a Commission authority to enforce zoning regulations as to any violation on a site by imposing conditions on the improvements at issue in a particular site plan, since the precise wording of section 8-3(g) allows modification of a site plan" only if it [not the entire property] fails to comply with requirements already set forth in the zoning or inland wetlands regulations" (emphasis supplied). The subject matter jurisdiction of a zoning commission with regard to modification of a site plan or imposition of conditions is defined by section 8-3(g); and the condition imposed related not to the actual project but to other conditions on the site. The imposition of the condition was therefore beyond the authority granted to the Commission in the context. which it acted. Accordingly, as in Moscowitz, the Court finds that the Commission has acted in excess of its jurisdiction, that its action was void, and that it is subject to review at any time. Moscowitz, supra, at 315. Accordingly, Upjohn was able to raise the validity of the condition at the hearing as to the cease and desist order issued by the zoning enforcement officer and appealed to the Board.
That Board erred in upholding the cease and desist order, since it constituted an effort to enforce a void condition.
The Board contends that the cease and desist order did not rest entirely on the allegation of violation of Condition 7 but was also based on the separate ground that maintenance of the sludge pile on the site constituted a zoning violation. The record does not support this claim.
The cease and desist order, Record Document 33, states as follows:
 The purpose of this letter is to inform you that the Upjohn Company is in violation of the CT Page 4704 conditions attached to the zoning approvals granted by the North Haven Planning and Zoning Commission in February of 1983. The violation stems from your company's failure to remove all sludge stored on the Upjohn Company site. As a result of your company's violation, you are hereby ordered to CEASE AND DESIST all outdoor storage of sludge on the Upjohn property. Failure to comply with this order will result in the Town taking further legal action against the Upjohn Company.
You may appeal this CEASE AND DESIST order to the Zoning Board of Appeals within fifteen (15) days of receipt of this order.
On its face, the only "violation" in fact identified in the cease and desist order is a violation of the cited condition, not, as the Board now urges, a violation of any zoning regulation.
Upjohn was entitled to notice of the matters to be heard at the administrative hearing as to the cease and desist order; Hart Twin Volvo Corporation v. Commissioner of Motor Vehicles, 165 Conn. 42, 45 (173); and the zoning authority could not uphold the cease and desist order on grounds not set forth in the notice to Upjohn. As the Court ruled in Hart, supra, at 48, "[t]o charge on one theory and then find on another, about which the plaintiff did not know and against which it was not prepared to defend, is contrary to law. . ." Since the cease and desist order was upheld by the Board on a ground found to have been void as beyond the Commission's authority, the action of the Board cannot be upheld. The court does not, of course, mean to suggest in any way that the zoning enforcement officer is barred from basing a cease and desist order on the alternative grounds now urged by the Board in this appeal. The issue before this court is the narrow one of the enforceability of Condition 7.
The appeal from the Board's upholding of the cease and desist order is sustained.
BEVERLY J. HODGSON, JUDGE OF THE SUPERIOR COURT