STATE OF CONNECTICUT *v.* ALLAN NICHOLSON
(AC 24062)

Dranginis, West and Stoughton, Js.

Argued April 2—officially released June 22, 2004

*Anthony J. Musto*, for the appellant (defendant).

*Annemarie L. Braun*, special deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Eva B. Lenczewski*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Allan Nicholson, appeals from the judgment of conviction of robbery in

the third degree in violation of General Statutes § 53a-136, rendered on remand to the trial court as directed by our decision in *State* v. *Nicholson*, 71 Conn. App. 585, 803 A.2d 391, cert. denied, 261 Conn. 941, 808 A.2d 1134 (2002). On appeal, the defendant claims that the court should not have followed the remand order because it deprived him of his constitutional rights to a fair trial. We cannot agree.

We set forth a complete statement of the facts in *State* v. *Nicholson*, supra, 71 Conn. App. 587–89. The defendant originally appealed to this court from the judgment of conviction, rendered after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3) and of being a persistent serious felony offender in violation of General Statutes (Rev. to 1999) § 53a-40 (b). *State* v. *Nicholson*, supra, 586. We reversed the judgment of conviction of robbery in the first degree, concluding that the evidence was insufficient on the element of the "use or threatened . . . use of a dangerous instrument," specifically, a box cutter razor. (Internal quotation marks omitted.) Id., 592. We further concluded, however, that "the jury necessarily would have found the defendant guilty of the lesser charge of robbery in the third degree in violation of General Statutes § 53a-136, had it considered such charge. See *State* v. *Aleksiewicz*, 20 Conn. App. 643, 650–51, 569 A.2d 567 (1990)." *State* v. *Nicholson*, supra, 592. We therefore set aside the judgment and remanded the case to the trial court with direction to render a judgment of conviction of robbery in the third degree and to resentence the defendant accordingly as a persistent serious felony offender. Id., 600.

On appeal from the court's resentencing in accordance with the directions of the remand order, the defendant claims that his constitutional rights were violated by the rendering of a judgment of conviction of robbery in the third degree under these circumstances.

The defendant specifically argues, on the basis of our holding in his prior appeal, that the evidence was insufficient for the jury to conclude reasonably that he used, or threatened to use, a dangerous instrument in the course of the robbery and he argues that the introduction of the box cutter razor into evidence tainted his trial. As a consequence, the defendant claims that his conviction of robbery in the third degree on remand to the trial court was improper because the introduction of the box cutter into evidence deprived him of his constitutional rights to a fair trial. We cannot agree.

"In carrying out a mandate of [an appellate court], the trial court is limited to the specific direction of the mandate as interpreted in light of the opinion. . . . It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court according to its true intent and meaning. . . . The trial court should examine the mandate and the opinion of the reviewing court and proceed in conformity with the views expressed therein. . . . These principles apply to criminal as well as to civil proceedings." (Citation omitted; internal quotation marks omitted.) *State* v. *Lafferty*, 191 Conn. 73, 76, 463 A.2d 238 (1983), on appeal after remand, 192 Conn. 571, 472 A.2d 1275 (1984).

The court was required to follow the precise directions of the remand order. As the court properly noted at the resentencing hearing in denying the defendant's motion not to resentence: "This court has received a direct order or direction from the Appellate Court to resentence [the defendant]. This court feels that if there was any merit to the arguments concerning the degree of the sentencing and whether or not a second part of the information was properly tried with sufficient evidence [that] is an issue for the Appellate Court to either have considered or to consider at some future date. But it's not for this court to use any discretion in regard to the directive I've received."

In this appeal, our review is limited to the court's implementation of the precise directions of our remand order as stated in *State* v. *Nicholson*, supra, 71 Conn. App. 600. The court properly followed that order. Accordingly, the defendant's claim fails.

The judgment is affirmed.