[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 1, 1992, the plaintiff, Summit National Bank, filed a four count foreclosure action, in order to foreclose four condominium units, against the defendants, Sumo Realty, Ralph A. Monti, Susan A. Monti, Richard Piersall, Marlene Piersall, and Eastridge Condominium Association (the Association). The plaintiff alleges that the Association has a statutory lien pursuant to General Statutes § 47-258 on each of the units. The Federal Deposit Insurance Company (FDIC) has been substituted as the plaintiff.
The Association filed a motion to determine priorities dated May 31, 1994. The Association also filed a memorandum of law and an affidavit of attorney Charles E. Oman III, attesting to the legal fees incurred by the Association in this matter.
On June 8, 1994, the plaintiff, FDIC as receiver for Summit National Bank, filed a reply brief.
On June 13, 1994, the Association filed an updated affidavit of attorney's fees.
General Statutes § 47-258(b) provides in relevant part:
 A lien under this section is prior to all other liens and encumbrances on a unit except . . . (2) a first or second security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent. . . . The lien is also prior to all security interests described in subdivision (2) of this subsection to the extent of (A) an amount equal to the common expense assessments based on the periodic budget adopted by the association . . . which would have become due in the absence of acceleration during the six months immediately preceding institution of an action to enforce either the association's lien or a security interest described in subdivision (2) of this subsection and (B) the CT Page 6971 association's costs and attorney's fees in enforcing its lien.
In addition, General Statutes § 47-258(g) provides that "[a] judgment or decree in any action brought under this section shall include costs and reasonable attorney's fees for the prevailing party."
The Association argues that General Statutes § 47-258(b) provides that in addition to the statutory lien that is prior in right to the first mortgage, the association costs and attorney's fees in enforcing the lien have priority in a foreclosure action instituted by the first mortgagee.
The plaintiff argues that the costs and attorney's fees incurred in enforcing the statutory lien have priority in a foreclosure of the association lien but not in a foreclosure of the first or second security interest.
General Statutes § 47-258(b) was revised in 1991 to include the language regarding the association's costs and attorney's fees. Public Act 91-359. The appellate court and supreme court have not interpreted the effect of this amendment. HarbourLanding Condominium v. Siwel, Super. Ct., judicial district of New Haven, Docket No. 322000 (January 28, 1992, Licari, J.). The plaintiff relies on the 1993 supplement to Caron,Connecticut Foreclosures, 2d Ed, § 12.05, which states:
 While this amendment [P.A. 91-359] may have helped to establish these costs and expenses as part of the first tier of the lien's priority, it still pertains only to actions initiated by the association to foreclose its lien. Where a mortgagee is foreclosing, the association's expenses in sustaining the priority of its lien continues to be outside the scope of the lien.
However, Caron offers no authority or analysis in support of his interpretation of P.A. 91-359.
The goal of statutory construction is to discern the intent of the legislature. Fahy v. Fahy, 227 Conn. 505, 512,630 A.2d 1328 (1993). "`"In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative CT Page 6972 policy it was designed to implement. . . ."'" (Citations omitted.) Id. In interpreting a statute, the court looks to the plain meaning of the language. Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 187, 592 A.2d 912 (1991). A case involving a foreclosure of an association lien held that the language of the amendment to General Statutes § 47-258 "clearly indicates an intent on the part of the legislature that the lien include the Association's costs and attorney's fees in addition to an amount equal to six months of common expense assessments."Harbour Landing Condominium v. Siwel, supra.
General Statutes § 47-258(b)(2)(B) gives priority to "the association's costs and attorney's fees in enforcing its lien." (Emphasis added.) The plain meaning of the word "enforce" has been defined as "to make effective" or "to compel obedience to."Black's Law Dictionary, 5th ed. 1979. This court is of the opinion that the association compels obedience to its lien as a defendant in a foreclosure of the first security interest and that the word "enforcing" includes defending the validity and priority of the association lien in a foreclosure of the first or second security interest on a unit.
The use of the word "enforce" in subsection (b)(2)(A) refers to both the action to foreclose the association lien and an action on the first or second security interest. General Statutes § 47-258(b)(2)(A) provides a priority to liens over a limited time in either "an action to enforce . . . the association's lien" or "to enforce . . . a security interest described in subdivision (2). Subdivision (2) specifically refers to a first or second security interest on a unit. It is a "`familiar principle of statutory construction that where the same words are used in a statutes two or more times they will ordinarily be given the same meaning in each instance.'" (Citation omitted.)Weinberg v. ARA Vending Co., 223 Conn. 336, 343, 612 A.2d 1203
(1992). It follows that the word "enforcing" in subsection (b)(2)(B) should be given the same context and meaning as the word "enforce" in subsection (b)(2)(A). Consequently, the association's costs and attorney's fees in defending its liens should be given priority in this action to foreclose the first mortgage.
Furthermore, in analyzing the law prior to the effective date of Public Act 31-359, the court in an action to foreclose an association lien held that General Statutes § 47-258
"authorizes the inclusion of attorney's fees in the sums CT Page 6973 entitled to a priority." Hudson House Condominium Assn., Inc.v. Brooks, 223 Conn. 610, 617, 611 A.2d 862 (1992).
The court reasoned that:
 Since the amount of monthly assessments are, in most instances, small, and since the statute limits the priority status to only a six month period, and since in most instances, it is going to be only the priority debt that in fact is collectible, it seems highly unlikely that the legislature would have authorized such foreclosure proceedings without including the costs of collection in the sum entitled to a priority. To conclude that the legislature intended otherwise would have that body fashioning a bow without a string or arrows.
Id. The court further notes that Public Act 91-359, which took effect on July 5, 1991, "clarified that attorney's fees and costs are included in the priority debt." Id., 617 n. 4. In addition, the legislature, in considering whether to extend the six month time limit to twelve months, voiced the concern that:
 As a practical matter, most foreclosures are strict foreclosures. The usual end of this scenario is that mortgagee ends up owning the unit and the association ends up getting paid only part of its common charges. To the extent that these common charges are not paid by the unit, they must be paid under the statute and the documents by the other unit owners.
Judiciary, March 11, 1991, p. 471.
It is clear that the policy providing for the recovery of relatively small condominium fees is encouraged by General Statutes § 47-258(b) so that the costs do not fall on the other unit owners. This policy would be subverted were priority not also given to an Association's costs and attorney's fees incurred in defending its lien in a foreclosure action brought by the first or second mortgagee. The court finds no policy distinction between an association defending a foreclosure action or prosecuting a foreclosure on its lien.
Accordingly, an Association's costs and attorney's fees CT Page 6974 incurred in defending a lien under General Statutes § 47-258 in a foreclosure action brought by the first lien holder, are entitled to priority under subsection (b).
In the instant matter, the defendant condominium association is entitled to a priority for its attorney's fees and costs, found to be $784.50 for professional services and $4.00 for disbursements incurred, as well as for six months of unpaid common expenses.
Therefore, the order of priorities of the parties, as to all counts of the complaint, is found to be as follows:
1. Defendant, Eastridge Condominium Association, Inc., six months of unpaid Association assessments pursuant to § 47-258(b) of the General Statutes including costs and attorney's fees incurred in the instant action.
2. Plaintiff, Summit National Bank.
3. Defendant, Eastridge Condominium Association, remaining unpaid Association assessments.
4. Defendants, Sumo Realty, Ralph A. Monti, Susan A. Monti and Richard Piersall.