[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DETERMINATION OF COUNSELFEES
I.
 Introduction and Factual Background
The plaintiff, Connecticut Housing Finance Authority (hereinafter "CHFA") filed this action seeking to foreclose a mortgage from the defendant Mary S. Stewart to the McCue Mortgage Company dated June 14, 1988 and assigned to the plaintiff on said date. The property subject to the mortgage was condominium unit 604, Bryrewood Condominium in South Windsor, Connecticut and thus Bryrewood Condominium Association (hereinafter "Bryrewood") was named a defendant due to its statutory lien, General Statutes § 47-258. On October 31, 1994, the Court, Koletsky, J., entered a judgment of strict foreclosure setting a law date of November 28, 1994.
On January 16, 1995, the plaintiff filed a motion to determine whether Bryrewood is entitled to attorney's fees as part of its statutory lien. Bryrewood maintains that it incurred $357.00 in attorney's fees, as evidenced by its January 26, 1995 affidavit.[1] The plaintiff maintains that the statutory lien does not include attorney's fees incurred by a condominium association that is a defendant in a foreclosure action. Bryrewood argues that the General Statutes § 47-258(b) authorizes the inclusion of costs and attorney's fees as part of the statutory lien in all actions in which the association is enforcing its lien — whether as a plaintiff or a defendant.
 II. Discussion
General Statutes § 47-258(a) states in part: CT Page 2025
 The association has a statutory lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes delinquent.
General Statutes § 47-258(b) states, in relevant part:
 A lien under this section is prior to all other liens and encumbrances on a unit except . . . . . (2) a first or second security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent. . . . . . The lien is also prior to all security interests described in subdivision (2) of this subsection to the extent of (A) an amount equal to the common expense assessments based on the periodic budget adopted by the association . . . which would have become due in the absence of acceleration during the six months immediately preceding institution of an action to enforce either the association's lien or a security interest described in subdivision (2) of this subsection and (B) the association's costs and attorney's fees in enforcing its lien.
Additionally, § 47-258(g) states that "a judgment or decree in any action brought under this section shall include costs and reasonable attorney's fees for the prevailing party." Thus, there is no question that if Bryrewood had commenced an action seeking to foreclose its statutory lien, it could have obtained attorney's fees and costs as part of its priority lien. See, Hudson House Condominium Assn., Inc. v. Brooks,223 Conn. 610, 617-18 (1992).
Bryrewood, however, is a defendant in this action and, accordingly, its ability to include attorney's fees depends on an interpretation of the phrase "enforcing its lien." InSummit National Bank v. Sumo Realty, 9 CSCR 862 (July 25, 1994, West, J.), the court decided this specific issue finding that:
 The plain meaning of the word "enforce" has been defined as "to make effective" or "to compel obedience to." Black's Law Dictionary, 5th ed. 1979. This court is of the opinion that the association compels obedience to its lien as a CT Page 2026 defendant in a foreclosure of the first security interest and that the word "enforcing" includes defending the validity and priority of the association lien in a foreclosure of the first or second security interest on a unit.
This court is in agreement. A party's right to enforce a legal obligation does not depend on whether it is called plaintiff or defendant. As our Supreme Court stated in HudsonHome Condominium Assn. Inc. v. Brooks, supra, 223 Conn. 617 in discussing the award of attorney's fees in connection with a foreclosure action on condominium assessments:
 Since the amount of monthly assessments are, in most instances, small, and since the statute limits the priority status to only a six month period, and since in most instances, it is going to be only the priority debt that in fact is collectible, it seems highly unlikely that the legislature would have authorized such foreclosure proceedings without including the costs of collection in the sum entitled to a priority. To conclude that the legislature intended otherwise would have that body fashioning a bow without a string or arrows.
If an association could not obtain its fees and costs in defending an action, as the plaintiff suggests, it is not unreasonable to assume that it would commence its own action, in which it could obtain its fees to protect that "small" sum. General Statutes § 47-258(g). Such a result is not desirable for any number of obvious reasons, not the least of which is judicial economy. As stated by our Supreme Court, "if there are two possible interpretations of a statute and one alternative proves unreasonable or produces the possibility of bizarre results, then the more reasonable alternative should be adopted." State v. Parmalee. 197 Conn. 158, 165 (1985).
Indeed our foreclosure procedures allow defendants, in certain circumstances, to obtain affirmative relief. For instance, any party to a foreclosure action may utilize the provisions of General Statutes § 49-14 to seek a deficiency judgment. Such procedure obviates (but does not preclude) the need for separate actions and the costs and expenses attendant thereto. See, First Bank v. Simpson, 199 Conn. 368 (1986). Such is the case here. CT Page 2027
Our procedures also afford a final safeguard. By filing this motion to determine counsel fees (as part of its Motion for Determination of Priorities and Supplemental Judgment), the plaintiff can obtain judicial review of the amount claimed. This court allows the sum of $262.50 (2.10 hours x $125.00) for the original work as reasonable attorney's fees and an additional $125.00 for the costs of arguing this motion.
Berger, J.