Peter L. CARR, Plaintiff–Appellant,

v.

Jeffrey M. DVORIN, Assistant NYS Attorney General, Defendant–Appellee.

No. 98–2086.

United States Court of Appeals, Second Circuit.

Submitted March 9, 1999.

Decided March 18, 1999.

Peter L. Carr, Pro Se, Gouverneur, NY.

Before: CARDAMONE, STRAUB, and KEITH, Circuit Judges.*

* The Honorable Damon J. Keith, of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

PER CURIAM.

Peter L. Carr, *pro se,* appeals from a judgment of the United States District Court for the Northern District of New York (Rosemary S. Pooler, *Judge* ) dismissing his complaint against New York State Assistant Attorney General Jeffrey M. Dvorin, pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted. On appeal, Mr. Carr does not challenge the merits of the District Court's decision. Rather he urges only (1) that § 1915A does not apply to prisoners, like him, who do not proceed *in forma pauperis,* and (2) that the District Court may not dismiss a complaint under § 1915A before service of process could be made and without affording the plaintiff with an opportunity to respond.

Rejecting both of Mr. Carr's contentions, we affirm.

## DISCUSSION

■ Under 28 U.S.C. § 1915A, a District Court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A (1994 & Supp. II 1996). The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee. Therefore, we join the Fifth, Sixth, and Tenth Circuits in holding that the statute's commands apply to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid the filing fee. *See Martin v. Scott,* 156 F.3d 578, 579–80 (5th Cir.1998) (per curiam) (holding that § 1915A applies even when a prisoner has paid the required filing fee); *Ricks v. Mackey,* 141 F.3d 1185 (Table), 1998 WL 133828 (10th Cir. Mar.25, 1998) (same); *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997) (same). Accordingly, the District Court properly reviewed Mr. Carr's complaint under § 1915A.

■ Mr. Carr's remaining arguments regarding the lack of service of process and the lack of an opportunity to respond are also meritless. The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A (requiring the District Court to engage in the screening process "before docketing, if feasible or . . . as soon as practicable after docketing"); *see also id.* § 1915(e)(2) (notwithstanding plaintiff's payment of a filing fee, court should dismiss the case "at any time" if it determines that the action or appeal is frivolous or fails to state a claim on which relief may be granted). The statute clearly does not require that process be served or that the plaintiff be provided an opportunity to respond before dismissal. *Cf. McGore,* 114 F.3d at 604–05 (stating that *sua sponte* screening pursuant to § 1915A should occur "before service of process is made on the opposing parties"). We do note that "[w]here a colorable claim is made out, [*sua sponte* ]

dismissal is improper prior to service of process and the defendants' answer." *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir.1990); *accord Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.1998). Mr. Carr, however, does not, and indeed could not, argue that his complaint presented a colorable claim. Accordingly, it was proper for the District Court to dismiss Mr. Carr's complaint.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the District Court.