USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2208

 RAMON TORRES-GONZALEZ,

 Plaintiff, Appellant,

 v.

 UNITED STATES,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Carmen Consuelo Cerezo, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Stahl, Circuit Judge.
 
 
 
 
 Ramon Torres-Gonzalez on brief pro se.
 Guillermo Gil, United States Attorney, Miguel A. Fernandez,
Assistant United States Attorney, and Jose Javier Santos Mimoso,
Assistant United States Attorney, on brief for appellee.

June 28, 1999

 
 Per Curiam. The district court, adopting the
 recommendation of the magistrate-judge, dismissed this Bivens
 action on the ground that it was barred by the applicable
 statute of limitations. On appeal, plaintiff attempts to
 revise his equitable-tolling argument--contending that he did
 not learn of the alleged improprieties surrounding his removal
 from Venezuela until February 1998 (rather than August 1996, as
 he alleged below). This argument, having been advanced for the
 first time on appeal, has been waived. See, e.g., Malave v.
 Carney Hosp., 170 F.3d 217, 222 (1st Cir. 1999). It would fail
 in any event, particularly given that plaintiff voiced similar
 factual allegations as far back as November 1995 in connection
 with his request for habeas relief. For these reasons, as well
 as those enumerated below, the judgment is summarily affirmed.
 Defendants, noting that service of process was never
 effected below, suggest that this court's jurisdiction is
 therefore lacking. This argument overlooks the fact that the
 complaint here was screened, and the sua sponte dismissal
 entered, pursuant to 28 U.S.C. 1915A. This provision "does
 not require that process be served." Carr v. Dvorin, 171 F.3d
 115, 116 (2d Cir. 1999) (per curiam). Appellate jurisdiction
 is thus unaffected by the lack of service.
 The motions to strike are denied, the motion to
 clarify is allowed, and the judgment is summarily affirmed. 
 See Loc. R. 27.1.