**Phillip B. KELLER, Plaintiff–Appellant,**

v.

**Reed TREFZ and Patrick Hilger, Defendants–Appellees.**

**No. 02–2109.**

United States Court of Appeals, Seventh Circuit.

Submitted April 8, 2003.*

Decided April 8, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

### ORDER

In September 2001, Phillip Keller, an HIV-positive prisoner with a history of mental illness, was transferred from Wisconsin's Supermax Correctional Institution to the Wisconsin Resource Center, a specialized-care facility. Two months later, he sued his former warden and six other SMCI prison officials for various violations of his Eighth Amendment rights. The district court screened the complaint under 28 U.S.C. § 1915A and found that Keller stated no cause of action against five of the named defendants. But the court allowed the suit to proceed against two correctional officers, Reed Trefz and Patrick Hilger. According to Keller, Trefz and Hilger were returning him to his cell on May 24, 2001, when they gratuitously slammed his head against the floor and, using a wrist restraint, violently and repeatedly yanked his body against the cell door. He claimed that the beating resulted in pain, abrasions, scars, scratches, and soreness.

Moving for summary judgment, Trefz and Hilger presented a different account of that day's events. With supporting affidavits from eleven prison employees and officials, they told how Keller had resisted their efforts to return him to his cell: refusing to obey orders, behaving disruptively, and scratching one of the guards, possibly exposing him to the HIV virus. They argued that Keller's injuries were minimal, and that they used no more force than was necessary to restore order. Keller responded to the motion, but did not

address the defendants' version of the facts, nor did he point to any evidence that would discredit their account. The court therefore found that the defendants' use of force was an appropriate response to Keller's resistance, and granted summary judgment.[1]

Keller's main argument on appeal is that the court improperly relied on the defendants' version of the facts and ignored Keller's own contrary account. But the court correctly observed that "Plaintiff has submitted only a brief reciting the law and restating allegations of serious injury [un]substantiated by medical records," that Keller "does not dispute that he failed to comply with lawful orders and resisted the officers," and that "no evidence has been submitted to suggest that the amount of force used by defendants Trefz and Hilger was other than a good faith effort to restore discipline." Summary judgment was therefore appropriate. *See Hudson v. McMillian,* 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (reciting the standard for excessive-force claims); *Outlaw v. Newkirk,* 259 F.3d 833, 837 (7th Cir.2001).

Keller also takes issue with several of the district court's procedural rulings. He says, for instance, that the court should have granted his repeated requests for appointment of counsel under 28 U.S.C. § 1915(e)(1). In denying Keller's requests, the court reasoned that the case was factually simple and legally straightforward, and that Keller was capable of representing himself. Keller, however, suggests that the factual disputes made the case anything but simple, and that it was difficult for him as a prisoner to carry out

proper discovery. But he has not shown that the factual dispute presented any unusual complexity, or that the difficulties he faced were greater than those faced by any prisoner conducting a lawsuit. The district court therefore did not abuse its discretion in denying Keller's requests for counsel. *See Zarnes v. Rhodes,* 64 F.3d 285, 288–89 (7th Cir.1995).

Keller's other procedural arguments are equally unavailing. He says that the district court should have allowed him to amend his complaint to include other defendants and claims, but his request was made after summary judgment, and courts do not normally grant such post-judgment requests. *See* Fed.R.Civ.P. 15(a); *Rodriguez v. United States,* 286 F.3d 972, 980 (7th Cir.2002). He also says that the court erred in screening his claims without giving him notice and an opportunity to be heard, but § 1915A does not require notice prior to dismissal. *See Plunk v. Givens,* 234 F.3d 1128, 1129 (10th Cir.2000); *Carr v. Dvorin,* 171 F.3d 115, 116 (2d Cir.1999). He makes other arguments, but they are waived, having been raised either for the first time on appeal or for the first time in his reply brief. *See Grayson v. City of Chicago,* 317 F.3d 745, 751 (7th Cir.2003); *United States v. Matchopatow,* 259 F.3d 847, 851 (7th Cir.2001).

The judgment of the district court is AFFIRMED.

---

**1.** Keller seems to believe that the court did not consider his response, which was delivered to the court one day after the filing deadline. He points out that soon after the deadline had passed, the defendants, perhaps unaware of the "mailbox rule" of *Houston v.*

*Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), notified the court of Keller's supposed failure to respond. But in its order of summary judgment, the court clearly indicated that it had received and considered Keller's response.