Terry Darsele BROOKS,
Plaintiff–Appellant,

v.

Bill OVERTON, Director MDOC; Ken McKee, Warden, in their individual and official capacities, Defendants–Appellees.

No. 02–2351.

United States Court of Appeals,
Sixth Circuit.

July 11, 2003.

Before BOGGS and GILMAN, Circuit Judges; and DOWD, District Judge.*

## ORDER

Terry Darsele Brooks appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Brooks filed his civil rights complaint in 2002, alleging that the defendants had violated his rights by placing a video camera in the showers of the prison where he was incarcerated. The district court found that Brooks's claims were all unavailing, and dismissed the case *sua sponte* on September 30, 2002. It is from this judgment that Brooks now appeals.

We review the dismissal of this case *de novo*. See *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). Dismissal was appropriate here because Brooks did not raise a cognizable claim. See 28 U.S.C. §§ 1915(e)(2)(b)(ii) *and* 1915A(b)(1).

Brooks alleged that the defendants violated prison policies, as well as 18 U.S.C. § 2701(a)(1) and 28 U.S.C. § 1343(a)(3). The district court properly dismissed these claims because the mere violation of a state policy does not rise to the level of a constitutional claim, because § 2701(a)(1) is not relevant to the video-monitoring in this case, and because § 1343(a)(3) is a jurisdictional statute which does not provide independent grounds for substantive relief. See *Maher v. Gagne*, 448 U.S. 122, 129 n. 11, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *Boswell v. Mayer*, 169 F.3d 384, 390 (6th Cir.1999).

Brooks also alleged that the defendants violated his constitutional rights. The district court properly denied this claim because the placement of the video camera was reasonably related to legitimate penological interests in maintaining security and prisoner safety. See *Turner v. Safley*, 482 U.S. 78, 88–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Munir v. Scott*, No. 89–1283, 1990 WL 92680, at *4–5 (6th Cir. July 2, 1990) (unpublished). The court also properly held that the defendants were immune from Brooks's claims for monetary relief and that his claim for injunctive relief was moot, as a supplement to his complaint indicated that partitions had been installed in the showers. See *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996).

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Brooks has not raised any clear challenge to the district court's rationale for dismissing his case. Instead, he generally reiterates the allegations in his complaint and argues that he was entitled to an evidentiary hearing. However, the court did not abuse its discretion by declining to hold a hearing, as the existing record was adequate to resolve Brooks's claims. *See Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir.2000); *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir.1999).

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.