Allan C. NICHOLSON, Sr.

v.

Eva B. LENCZEWSKI Joseph Doherty Richard A. Damiani Alan D. McWhiter Michael Slavin Waterbury Police Department City of Waterbury

No. 3:04CV1033JBA.

United States District Court, D. Connecticut.

Feb. 16, 2005.

Allan C. Nicholson, Sr., Somers, CT, pro se.

## RULING AND ORDER

ARTERTON, District Judge.

The plaintiff, Alan C. Nicholson, Sr. ("Nicholson"), an inmate confined at the Osborn Correctional Institution in Somers, Connecticut, brings this civil rights action *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. He names as defendants Senior Assistant State's Attorney Eva B. Lenczewski; Connecticut Superior Court Judges Joseph Doherty and Richard A. Damiani; Public Defender Alan D. McWhiter; Waterbury, Connecticut, police officer Michael Slavin; the Waterbury Police Department; and the City of Waterbury. Nicholson seeks damages as well as declaratory and injunctive relief for violation of federal and state constitutional rights and state law.

For the reasons that follow, all claims for injunctive relief and the requests for declaratory relief against defendants Lenczewski, Doherty and Damiani, as well as all claims against defendant McWhiter and the Waterbury Police Department are dismissed as failing to state claims upon which relief may be granted; all claims for damages against defendants Lenczewski, Doherty and Damiani are dismissed as

barred by absolute prosecutorial and judicial immunity; all claims regarding excessive force and illegal search against defendants Slavin and City of Waterbury are dismissed as time-barred and the claim against defendant Slavin for providing false statements to the prosecution in his state criminal trial is dismissed without prejudice. The court declines to exercise supplemental jurisdiction over any state law claims.

### I. *Standard of Review*

Whenever a prisoner files an action seeking redress from a governmental entity or an officer of employee of a governmental entity, the court must review the complaint to ensure that the case goes forward only if it contains cognizable claims. *See* 28 U.S.C. § 1915A(a). The court must dismiss the complaint, or any part thereof, if it is frivolous, malicious or fails to state a claim upon which relief may be granted or if it seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(b). This screening requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*.[1] *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir.1999) (per curiam) (holding that screening requirement applied to inmate who paid filing fee to commence action).

In order to state a claim for relief under section 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test. First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law. Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir.1986).

---

1. Nicholson paid the filing fee to commence this action.

## II. Factual Allegations

On February 17, 1999, defendant Slavin, a Waterbury police officer, grabbed Nicholson and "forcefully slammed" him against the police car. When Nicholson questioned these actions, defendant Slavin again slammed Nicholson against the car. Nicholson was handcuffed and placed in the police car while defendant Slavin examined Nicholson's personal effects. When Nicholson was transferred from the police car to a police transport vehicle he began shouting. Defendant Slavin entered the transport vehicle and punched Nicholson several times. Defendant Slavin then returned Nicholson to the police car and drove him to the Waterbury Police Department. In the lockup area of the police department, defendant Slavin punched and kicked Nicholson several times for looking him in the eye. Nicholson was charged with robbery in the first degree and held on bond.

On February 18, 1999, Nicholson was arraigned on the robbery charge. On March 12, 1999, Nicholson met with defendant McWhiter, the public defender. Defendant McWhiter told Nicholson that things did not "look good" for him. When Nicholson asked McWhiter to file motions, defendant McWhiter told him that it was not the appropriate time. Defendant McWhiter reported that the prosecutor, defendant Lenczewski, had offered a plea agreement of thirty years. Nicholson stated that he was innocent and rejected the offer. On March 26, 1999, Nicholson again met with defendant McWhiter. Nicholson rejected a plea agreement of thirty-five years and told defendant McWhiter to begin preparing his defense.

Nicholson appeared in court on June 15, 2000. Nicholson submitted a self-styled motion to dismiss all charges for violation of his right to a speedy trial. Defendant Doherty, a Connecticut Superior Court Judge, denied the motion and ordered the trial to begin the following day on the charges of first degree robbery and persistent dangerous felony offender. The combination subjected Nicholson to a possible life sentence, deemed to be sixty years in Connecticut.

Nicholson was not afforded a probable cause hearing before trial. The hearing was required under the Connecticut Constitution and state law. The six-member jury began hearing evidence on June 27, 2000, and commenced deliberation on June 29, 2000. The following day, the jury returned a guilty verdict.

On July 19, 2000, defendant Damiani, the Pretrial and Administrative Judge in the judicial district of Fairfield, determined that, because Nicholson faced a possible life sentence, he should have had a probable cause hearing. Thus, defendant Damiani ordered that the charging document be amended and Nicholson re-enter his plea. Some of the information in the revised charging document was incorrect.

Defendant Doherty then sentenced Nicholson to a term of imprisonment of twenty-five years. On August 27, 2002, the Connecticut Appellate Court reversed the conviction on the ground that evidence was insufficient to support the verdict and vacated the sentence.[2]

## III. Discussion

Nicholson asserts the following claims for relief: (1) defendant Slavin used exces-

**2.** The Connecticut Appellate Court reversed the conviction for robbery in the first degree and remanded the case to the trial court with direction to render judgment of conviction for robbery in the third degree, a lesser included offense, and resentence Nicholson for that crime and as a persistent serious felony offender. See State v. Nicholson, 71 Conn.App. 585, 599–600, 803 A.2d 319, 401–02 (2002).

sive force in violation of his rights under the Eighth Amendment of the U.S. Constitution and Article first of the Connecticut Constitution and also committed assault and battery in violation of state law, conducted an illegal search and seizure in violation of the Fourth Amendment of the U.S. Constitution and Article first of the Connecticut Constitution and denied Nicholson due process and a fair trial in violation of the Fourteenth Amendment of the U.S. Constitution and Articles first and seventeenth of the Connecticut Constitution by submitting a false police report and providing that report to the prosecutor; (2) defendant McWhiter violated Nicholson's right to due process under the U.S. and Connecticut Constitutions and state law by attempting to persuade Nicholson to accept the plea offers in breach of his fiduciary duty, permitting Nicholson to be brought to trial on charges supported by insufficient evidence and permitting him to be put to plea and tried without being afforded a probable cause hearing; (3) defendant Lenczewski violated Nicholson's right to due process and a fair trial under the U.S. and Connecticut Constitutions by charging him with robbery when cause was lacking, prosecuting him without first holding the required probable cause hearing and presenting false evidence to the jury; (4) defendant Doherty violated Nicholson's rights under the Fourth Amendment of the U.S. Constitution and Article first of the Connecticut Constitution by conducting the trial in the absence of subject matter jurisdiction; (5) defendants Doherty and Damiani denied him due process in violation of the U.S. and Connecticut Constitutions by requiring him to enter a plea and go to trial without first conducting the mandatory probable cause hearing and where there was a lack of cause for the trial; (6) defendant Damiani denied

Nicholson equal protection and due process in violation of the U.S. and Connecticut Constitutions and state law when he ordered the information to be amended after trial; (7) defendants City of Waterbury and Waterbury Police Department falsely imprisoned Nicholson in violation of his rights under the Fourth and Fourteenth Amendments of the U.S. Constitution and Article first of the Connecticut Constitution.

For relief he seeks damages, declaratory relief in the form of a finding that each of the defendants has violated his identified federal and state rights and an injunction requiring that the ruling of the Connecticut Appellate Court be included in his record and that the robbery conviction be erased from his records and his sentence be vacated.

### A. Claims for Declaratory and Injunctive Relief

Nicholson seeks injunctive relief in the form of an order implementing the Connecticut Appellate Court decision vacating his robbery conviction.[3] The court did not vacate Nicholson's conviction. Instead it reversed the conviction for robbery in the first degree and ordered that judgment of conviction enter on and Nicholson be resentenced for the lesser included offense of robbery in the third degree and as a persistent serious felony offender. *See Nicholson*, 71 Conn.App. at 600, 803 A.2d 391. That has happened. *See State v. Nicholson*, 83 Conn.App. 439, 440, 850 A.2d 1089, 1090 (2004) (reviewing Nicholson's appeal of the implementation of the remand order). Thus, Nicholson already has received the requested relief.

■ Nicholson also seeks injunctive relief in the form of an order that defendants

---

**3.** The court takes judicial notice of the decision of the Connecticut Appellate Court, reported at *State v. Nicholson*, 71 Conn.App. 585, 803 A.2d 391 (2002).

Lenczewski, Doherty and Damiani not impair his ability to prosecute this case. Because Nicholson seeks a permanent, not preliminary, injunction, any injunctive relief will not be awarded until the conclusion of this case. At that time, Nicholson will have concluded his prosecution of this case and any order that defendants Lenczewski, Doherty and Damiani not impair his ability to prosecute this case will be moot. Accordingly, this request also is denied.

■ Finally, Nicholson seeks declaratory relief in the form of statements that the conduct of various defendants violated his rights. The Supreme Court has held that the Eleventh Amendment bars a retrospective declaration of a violation of federal law where there is "no claimed continuing violation of federal law." *Green v. Mansour*, 474 U.S. 64, 73, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985); *see also Ippolito v. Meisel*, 958 F.Supp. 155 (S.D.N.Y.1997) (holding that the Eleventh Amendment precludes an award of injunctive or declaratory relief that is not prospective in nature).

Thus, all claims for injunctive relief and the requests for declaratory relief against defendants Lenczewski, Doherty and Damiani are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as failing to state claims upon which relief may be granted.

### B. *Defendant McWhiter*

■ Defendant McWhiter was Nicholson's public defender. A defendant acts under color of state law when he exercises "some right or privilege created by the State ... or by a person for whom the State is responsible," and is "a person who may fairly be said to be a state actor." *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Generally, a public employee acts under color of state law when he acts in his official capacity or exercises his responsibilities pursuant to state law. *See West v. Atkins*, 487 U.S. 42, 50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The Supreme Court has recognized an exception to the general rule for public defenders while they are performing the traditional function of counsel for criminal defendants. *See Polk County v. Dodson*, 454 U.S. 312, 317, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir.1997); *Housand v. Heiman*, 594 F.2d 923, 924–25 (2d Cir.1979). "[W]hen representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for the purposes of section 1983 because he 'is not acting on behalf of the State; he is the State's adversary.'" *West*, 487 U.S. at 50, 108 S.Ct. 2250 (quoting *Polk County*, 454 U.S. at 323 n. 13, 102 S.Ct. 445).

Nicholson alleges that defendant McWhiter, his public defender in a state criminal matter, afforded him ineffective assistance in that he attempted to persuade Nicholson to accept the plea offers, permitted him to be brought to trial on charges supported by insufficient evidence and permitted him to be put to plea and tried without being afforded a probable cause hearing. Representing a client at trial is part of the traditional function of counsel to a criminal defendant. Because public defenders do not act under color of state law while defending a criminal action, these claims against defendant McWhiter are not cognizable under section 1983.

If a public defender conspires with a state official to deprive a criminal defendant of his constitutional rights, however, the public defender is deemed to have been acting under color of state law. *See Tower v. Glover*, 467 U.S. 914, 920–22, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984). The Second Circuit has held that to state a claim of conspiracy under section 1983, the

complaint must contain more than mere conclusory allegations. *See Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir.1999) (restating previous holding that vague, general or conclusory allegations of conspiracy are insufficient to withstand motion to dismiss); *Dwares v. City of New York*, 985 F.2d 94, 99–100 (2d Cir.1993) (citing cases). Nicholson alleges no facts suggesting that defendant McWhiter conspired to obtain his conviction. Thus, all claims against defendant McWhiter are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as failing to state a claim upon which relief may be granted.

## C. *Defendant Lenczewski*

Defendant Lenczewski is the Assistant State's Attorney who prosecuted the criminal case. A prosecutor is protected by absolute immunity from a section 1983 action "for virtually all acts, regardless of motivation, associated with his function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir.1994). The Supreme Court has held that a prosecutor is immune from a suit to recover damages that arise solely from the prosecution itself. "We hold only that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

Nicholson alleges that defendant Lenczewski acted improperly during the prosecution of his state criminal case. Thus, all claims for damages against defendant Lenczewski are barred by absolute prosecutorial immunity and are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

## D. *Defendants Doherty and Damiani*

Defendants Doherty and Damiani are state court judges who presided over Nicholson's state criminal case.

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "The absolute immunity of a judge applies ' "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." ' " *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir.1994) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199–200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L.Ed. 646 (1871))). Judicial immunity is overcome in only two situations. "First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11, 112 S.Ct. 286 (citations omitted).

Nicholson alleges that defendants Doherty and Damiani required him to plead and stand trial when the mandatory probable cause hearing had not been held and when there was insufficient cause to support the charges against him. In addition, he alleges that defendant Damiani improperly ordered the information amended after trial. These actions are taken in a judge's judicial capacity and are within the judge's jurisdiction. Thus, defendants Damiani and Doherty are protected from suit for damages by absolute judicial immunity. The claims for damages against defendants Damiani and Doherty are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

## E. *Defendant Waterbury Police Department*

A municipality is subject to suit pursuant to 42 U.S.C. § 1983. *Monell v. Department of Social Services*, 436 U.S.

658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipal police department, however, is not a municipality nor a "person" within the meaning of section 1983. *See Dean v. Barber,* 951 F.2d 1210, 1215 (11th Cir.1992) (affirming district court's dismissal of claims against county sheriff's department because, under state law, sheriff's department lacked capacity to be sued); *Peterson v. Easton Police Dep't Criminal Investigations Divs.,* No. Civ.A. 99–4153, 1999 WL 718551, at *1 (E.D.Pa. Aug. 26, 1999) (holding that a police department is not a person within the meaning of section 1983); *Smith–Berch, Inc. v. Baltimore County,* 68 F.Supp.2d 602, 626–27 (D.Md.1999) (citing cases for the proposition that municipal departments, including the police department, are not persons within the meaning of section 1983); *Gaines v. University of Pennsylvania Police Dep't,* No. 97–3381, 1997 WL 624281, at *3 (E.D.Pa. Oct. 7, 1997) (holding "as a matter of law, that police departments are purely instrumentalities of the municipality with no separate identity; thus, they are not 'persons' for purposes of § 1983 and not capable of being sued under § 1983."); *PBA Local No. 38 v. Woodbridge Police Dep't,* 832 F.Supp. 808, 825–26 (D.N.J.1993) (citing cases to support statement that courts considering this issue have unanimously concluded that municipal police departments are not proper defendants in section 1983 actions). A municipal police department is a sub-unit or agency of the municipal government through which the municipality fulfills its policing function. Because a municipal police department is not an independent legal entity, it is not subject to suit under section 1983. *Cowras v. Hard Copy,* Case No. 3:95cv99(AHN), slip op. at 25 (D.Conn. Sept. 29, 1997).

Accordingly, all claims against the Waterbury Police Department are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**F. *Defendants Slavin and the City of Waterbury***

Defendant Slavin is a Waterbury police officer against whom two claims are asserted. First, Nicholson alleges that defendant Slavin used excessive force and conducted an illegal search of his personal effects when he arrested Nicholson in February 1999. The court has construed the brief reference to the City of Waterbury as relating to this claim. Second, he alleges that defendant Slavin made a false report charging him with robbery and provided that false information to the prosecutor.

The limitations period for filing a section 1983 action is three years. *See Lounsbury v. Jeffries,* 25 F.3d 131, 134 (2d Cir.1994) (holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52–577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983). Nicholson alleges that defendant Slavin used excessive force against him and improperly searched his personal effects on February 17, 1999. Thus, Nicholson had until February 17, 2002, to file his claim against defendants Slavin and the City of Waterbury for committing and condoning these actions.

■■■ The Second Circuit has held that a *pro se* prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court. *See Dory v. Ryan,* 999 F.2d 679, 682 (2d Cir.1993) (citing *Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). Applying this "mailbox rule" to Nicholson's complaint, the court concludes that the complaint may have been given to prison officials for mailing on May 14, 2004, the date Nicholson signed the attached declaration. Thus, this claim was filed over two years too late.

The claims regarding excessive force and illegal search against defendants Slavin and City of Waterbury are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as time-barred.

■ Nicholson also alleges that defendant Slavin included false statements in his report and provided that false information to the prosecutor. He contends that this false information caused him to be denied due process and a fair trial.

If the court were to rule in Nicholson's favor on this claim, the validity of his conviction necessarily would be called into question.

[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under [section] 1983. Thus, when a state prisoner seeks damages in a [section] 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated.

*Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (footnote omitted). Although the Connecticut Appellate Court reversed Nicholson's conviction for robbery in the first degree, it remanded the case with an order that judgment of conviction enter and Nicholson be sentenced on the lesser included offense of robbery in the third degree. Thus, Nicholson has not shown that his conviction for robbery in the third degree has been invalidated and he fails to state a claim for damages relating to the conviction for robbery in the third degree that is cognizable under section 1983.

■ In addition, if the court issued a declaration that defendant Slavin had violated Nicholson's constitutional rights, that declaration would call into question the validity of his conviction for robbery in the third degree. Thus, Nicholson's request for declaratory relief is dismissed as well. *See Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (applying *Heck* to claims for declaratory relief).

This claim against defendant Slavin is dismissed without prejudice. Nicholson may file an amended complaint including only this claim provided he can allege facts demonstrating that the allegedly false information provided by defendant Slavin related to the conviction for robbery in the first degree but was not needed to support his conviction on the lesser included offense of robbery in the third degree. If the allegedly false information was necessary to support his conviction for robbery in the third degree, Nicholson must wait until his conviction for robbery in the third degree has been invalidated or called into question by issuance of a writ of habeas corpus before he can filed a new complaint containing this claim.

G. *Remaining State Law Claims*

Nicholson also includes claims for violation of state law and various provisions of the Connecticut Constitution.

■ Supplemental or pendent jurisdiction is a matter of discretion, not of right. Thus, the court need not exercise

supplemental jurisdiction in every case. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 715–26, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The federal court should exercise supplemental jurisdiction and hear a state claim when doing so would promote judicial economy, convenience and fairness to the litigants. The court should decline to exercise supplemental jurisdiction, however, when state law issues would predominate the litigation or the federal court would be required to interpret state law in the absence of state precedent. *See id.* at 726, 86 S.Ct. 1130. In addition, the court may decline to exercise supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *CarnegieMellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Spear v. Town of West Hartford,* 771 F.Supp. 521, 530 (D.Conn.1991) ("absent unusual circumstances, the court would abuse its discretion were it to retain jurisdiction of the pendent state law claims on the basis of a federal question claim already disposed of"), *aff'd,* 954 F.2d 63 (2d Cir.), *cert. denied,* 506 U.S. 819, 113 S.Ct. 66, 121 L.Ed.2d 33 (1992).

The court has dismissed all federal claims contained in the complaint. Thus, the court declines to exercise supplemental jurisdiction over any remaining state law claims.

IV. *Conclusion*

The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (2) without prejudice as to Nicholson's claim against defendant Slavin for providing false information to the prosecutor and with prejudice as to all other claims.

Nicholson may file an amended complaint including only the claim that defendant Slavin provided false information to the prosecution provided he can allege facts demonstrating that the allegedly false information related to the conviction for robbery in the first degree but was not needed to support his conviction on the lesser included offense of robbery in the third degree. Any amended complaint shall be filed within twenty (20) days from the date of this order.