United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60335
Summary Calendar

_____

CHARLIE TAYLOR,

Plaintiff-Appellant,

versus

ETHEL CARLIZE, Disciplinary Chairperson; HENRY MAXWELL, Captain;
TOMMY ROSS, Warden - Deputy; MICHAEL A. WILSON, Superintendent;
CHRISTOPHER EPPS, Commissioner; JEAN SANDERS JOHNSON, Case Worker;
CHARLES BAILEY, Associate Warden - Classification Director; LINDA
THOMPSON, Commanding Officer IV; REBECCA BLOUNT, Lieutenant;
MATILDA BROWN, Commanding Officer IV; RICHARD PENNINGTON, Law
Library Director; EARNEST LEE, Warden; S. GREEN, Supervisor 29 -
Kitchen,

Defendants-Appellees.

-----------------------------

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-24

-----------------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charlie Taylor, Mississippi prisoner # R6798, appeals the

district court's dismissal of his _pro se_ civil rights compliant

against various Mississippi Department of Corrections officials for

-----

[*] Pursuant to the 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under limited
circumstances set forth in 5TH CIR. R. 47.5.4.

failure to state a claim[1] and for failure to exhaust administrative remedies.[2]

Taylor argues on appeal that he exhausted his administrative remedies as to all of the claims alleged in his complaint. The record indicates that Taylor exhausted his challenge to being housed in unit 29-L and to his reclassification as a field worker. However, this claim lacks merit because Taylor does not have a liberty interest in his work or housing assignment.[3] Accordingly, the district court did not err in dismissing the claim.[4]

Taylor argues that the rules violation report (RVR), received for hanging a sheet in front of himself while using the bathroom, was not based on any prison rule; he contends that he "has the liberty right to not have false evidence intentionally presented against him in official proceedings by those acting under color of law." However, since Taylor does not assert that he was restrained in any way due to this RVR and since he concedes that he was found

---

[1] *See* 28 U.S.C. § 1915A. A dismissal under § 1915A is reviewed *de novo*. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

[2] *See* 42 U.S.C. § 1997e(a). This court reviews *de novo* a dismissal under § 1997e(a). *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003).

[3] *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (stating that the Due Process clause of the Fourteenth Amendment does not endow a prisoner with a protected liberty interest in the location of his confinement); *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir 1989) (stating that prison inmates have no constitutionally protected liberty interest in their job assignments).

[4] *See Sojouner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992) (stating that this Court may affirm the district court's judgment on any ground supported by the record).

not guilty at a hearing concerning the RVR, he has not asserted a constitutional deprivation.[5]   Furthermore, a rule preventing an inmate from obscuring prison officials' view is "reasonably related to legitimate penological interests."[6]   Accordingly, the district court did not err in dismissing Taylor's claim for failure to state a claim upon which relief could be granted.[7]

Taylor argues that the district court erred in dismissing his complaint before summonses were served on the defendants.   However, service is not required before dismissal.[8]

Taylor asserts for the first time on appeal that his housing in segregated confinement amounted to cruel and unusual punishment, rendered in retaliation for his filing of grievances against prison officials.   However, we need not consider issues raised for the first time on appeal.[9]

AFFIRMED.

---

[5]   *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

[6]   *See Turner v. Safely*, 482 U.S. 78, 89 (1987).

[7]   *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

[8]   *See* 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that § 1915A "clearly does not require that process be served...before dismissal").

[9]   *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (per curiam) (stating that this "Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory").