United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 06-60577
Summary Calendar

———————————————

DONALD JONES,

Plaintiff-Appellant,

versus

HELEN SMITH; RONALD KING; CHRISTOPHER B. EPPS; JAMES EASTERLING,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:05-CV-2160
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Donald Jones, Mississippi state prisoner # K3202, appeals the district court's dismissal of his pro se civil rights action against four Mississippi Department of Corrections officials for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A dismissal under this subsection is reviewed de novo. See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jones contends that the district court erred by dismissing his claim based on the loss of his prison job. The district court correctly held that this claim lacks merit because a prisoner does not have a constitutionally protected liberty interest in his prison work assignment. See Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989).

Jones contends that the district court erred in dismissing his complaint before summonses were served on the defendants. However, 28 U.S.C. § 1915(e)(2) instructs the district court to dismiss a complaint "at any time" that dismissal appears warranted. Thus there is no requirement for service on the defendants. Id.; see also Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (noting that 28 U.S.C. § 1915A, like § 1915(e)(2), "clearly does not require that process be served or that plaintiff be provided an opportunity to respond before dismissal"). Accordingly, service was not required before dismissing the action for failure to state a claim.

The district court's dismissal of the action for failure to state a claim under § 1915(e)(2)(B)(ii) counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Jones is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

AFFIRMED; SANCTION WARNING ISSUED.