Benjamin J. **SUDLER**, Plaintiff,

v.

Carl **DANBERG**, Perry Phelps, and Correctional Medical System, Defendants.

Civil Action No. 09–430–JJF.

United States District Court, D. Delaware.

July 21, 2009.

tween the parties.'').

Benjamin J. Sudler, Pro se Plaintiff.

James T. Vaughn Correctional Center, Smyrna, DE.

## MEMORANDUM OPINION

FARNAN, District Judge.

Plaintiff Benjamin J. Sudler ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has paid the filing fee.[1] (D.I. 5.) For the reasons discussed

---

1. Plaintiff sought, and was granted, leave to proceed *in forma pauperis*. (D.I. 1, 4.) The

below, the Court will dismiss the claims against Defendants Carl Danberg ("Danberg") and Perry Phelps ("Phelps") as frivolous pursuant to 28 U.S.C. § 1915A(b)(1), and will allow Plaintiff to proceed against Defendant Correctional Medical System ("CMS").

## I. BACKGROUND

Plaintiff alleges that Defendants are deliberately indifferent to his serious medical needs. More particularly, he complains that needed prescription medications are not administered in a timely manner, and that although scheduled in August 2007, he has yet to see a cardiologist. Attached to the Complaint are numerous medical grievances submitted by Plaintiff supporting his claim. Plaintiff seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

■ When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the Complaint by the Court. The screening provision is intended to be applied *sua sponte,* and is to be done as soon as practicable. *Carr v. Dvorin,* 171 F.3d 115, 116 (2d Cir.1999). While the Third Circuit has not ruled on the issue, other courts of appeals have found that this screening provision applies regardless of whether the prisoner paid the filing fee. *See Carr v. Dvorin,* 171 F.3d 115, 116 (2d Cir.1999) (per curiam) (joining Fifth, Sixth, and Tenth Circuits); *Lewis v. Estes,* 242 F.3d 375 (Table), 2000 WL 1673382, at *1 (8th Cir.2000); *Rowe v. Shake,* 196 F.3d 778, 781 (7th Cir.1999).

Section 1915A(b)(1) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States,* 287 Fed. Appx. 159, 162 (3d Cir.2008) (not published); *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir.1999)(applying Fed.R.Civ.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Fed. R.Civ.P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Court considers his payment of the filing fee      as a waiver of the *in forma pauperis* status.

■ Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir.2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 550 U.S. at 556 n. 3, 127 S.Ct. 1955). Therefore, " 'stating … a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips v. County of Allegheny*, 515 F.3d at 235 (quoting *Twombly*, 550 U.S. at 556 n. 3, 127 S.Ct. 1955). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

## III. DISCUSSION

■ There are no allegations directed towards Danberg and Phelps. Danberg is the Commissioner of the Delaware Department of Correction and Phelps is the warden at the VCC. It appears that the foregoing individuals are named as Defendants based upon their supervisory positions.

■ Liability in a § 1983 action cannot be predicated solely on the operation of respondeat superior. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) (citations omitted). A plaintiff may set forth a claim for supervisory liability under § 1983 if he "(1) identif[ies] the specific supervisory practice or procedure that the supervisor failed to employ, and show[s] that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir.2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir.1989)). It is not enough for a plaintiff to argue that the alleged injury would not have occurred if the supervisor had "done more." *Id.* He must identify specific acts or omissions of the supervisor that evidence deliberate indifference and establish a link between the act or omission and the ultimate injury. *Id.*

■ In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir.1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). There is nothing in the Complaint to indicate that Danberg or Phelps were the "driving force [behind]" Plaintiff's alleged constitutional violation. More so, the Complaint does not indicate that these Defendants were aware of Plaintiff's allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. Accordingly, the Court will dismiss the claims against Danberg and Phelps as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)

## IV. CONCLUSION

For the reasons discussed, the Court will dismiss the claims against Defendants

Danberg and Phelps as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff will be allowed to proceed against CMS.

An appropriate Order will be entered.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The claims against Defendant Carl Danberg and Perry Phelps are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

2. The Court has identified what appears to be a cognizable claim within the meaning of 28 U.S.C. § 1915A(b) against Defendant Correctional Medical System. Plaintiff may proceed against this Defendant.

IT IS FURTHER ORDERED that:

1. The Clerk of Court shall cause a copy of this Order to be mailed to Plaintiff.

2. Pursuant to Fed.R.Civ.P. 4(c)(3) and (d)(1), Plaintiff shall complete and return to the Clerk of Court signed, **original** "U.S. Marshal–285" forms for **remaining Defendant Correctional Medical System,** as well as for the Chief Deputy Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff has provided the Court with copies of the Complaint (D.I. 2) for service upon remaining Defendant and the Chief Deputy Attorney General. Plaintiff is notified that the United States Marshal will not serve the Complaint until all "U.S. Marshal 285" forms have been received by the Clerk of Court. Failure to provide the "U.S. Marshal 285" forms for remaining Defendant and the Attorney General within 120 days from the date of this Order may result in the Complaint being dismissed or Defendant being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, **as well as payment of $110.00** for the cost of service, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said Defendant and said Defendant shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed.R.Civ.P. 4(d)(1) and (2).

5. Pursuant to Fed.R.Civ.P. 4(d)(3), a Defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the Complaint within **sixty (60) days** from the date upon which the Complaint, this Order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** * * * When an amended complaint is filed prior to service, the Court will **VACATE** all previous service

orders entered, and service will not take place. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). * * *

8. **NOTE:** * * * Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. * * *